## STAMM v. COATES.

1. PRACTICE—CHARGING JURY ORALLY.

> Instructions were given to the jury orally, and taken down in short hand by the court stenographer. No exception was taken to this until after the jury had returned their verdict and been discharged. *Held*, that defendant, sitting by and allowing the court to instruct orally without objection, waived any right to except to this method of giving instructions, or to the failure of the court to give the charge to the jury in writing to be taken by them in their retirement.

Filed February 16, 1885.

Appeal from the district court of Minnehaha county.

The facts are stated in the opinion.

*Winsor & Sweezey*, for appellants.

We desire to call attention to the following sections of our Code of Procedure: Sec. 248. "And no judge shall instruct the petit jury in any case, civil or criminal, unless such instructions are reduced to writing." Sec. 249. "And all instructions so given and read, shall be taken by the jury in their retirement, and returned into court with their verdict."

Now, does Section 248 mean that the instructions of the court are to be in writing or not?

Even in a state where there was no such statute as ours, the supreme court says in a case where the jury did take the charge with them, "The only result of allowing them (the jury) to examine it for themselves would seem to be that they would know

more thoroughly its precise terms than they could if compelled to trust entirely to recollection after hearing it read once."

This is what our statute says must be done, and evidently for the very reason given by the above opinion. The case is Wood v. Aldrich, 25 Wis. p. 695.

The Wisconsin statute, Section 2853, Revised Statutes of Wisconsin, provides that the charge shall be in writing, or taken down by the phonographic reporter, or it may be waived, and further provides so that courts shall distinctly understand that the statute means what it says; that a failure so to do shall work a reversal, and the supreme court of Wisconsin says that the statute is mandatory. Penbertby v. Lee, 51 Wis. 261.

The supreme court of Illinois, from the 11th Illinois up, have given the interpretation we claim. We cite the Illinois cases as follows: Brown v. People, 4 Gill. 440; Butterfield v. Sherrill, 11 Ill. 483; Green v. Lewis, 13 Ill. 645; People v. Beeler, 6 Cal. 246.

The court says: On the trial of this cause the court charged the jury orally without the consent of the parties. This was error. The rule prescribed by the statute is mandatory and not directory. Judgment reversed. And the following cases affirm this decision: People v. Payne, 8 Cal. 344; People v. Dumot, 8 Cal. 424; People v. Woppsur, 14 Cal. 438; People v. Cleaves, 26 Cal. 79; People v. Trim, 37 Cal. 276; People v. Sanford, 43 Cal. 35; Fitzgerald v. Fitzgerald, 20 N. W. Rep. 269.

*C. H. Wynn* and *J. W. Jones*, for respondent.

We submit to your consideration that the weight of authority, concurring with reason, supports the proposition that a failure to except at the time to instruct orally is, under statutes like our own, a waiver of the objection. The Wisconsin case, cited by appellant, is upon a statute very different from ours; providing that the charge to the jury should be reduced to writing, or taken down by a stenographer, and that a failure to do so should on appeal work a reversal, unless the charge in writing was waived by counsel at the commencement of the trial. Our statute is a copy of that of Illinois, but not one of

the Illinois cases cited by appellant is in point.   In not one of them is the question discussed whether the giving of oral instructions, not objected to at the time, would or would not be error, nor was that question before the court.   But in that state it is held that a failure to mark instructions "given" or "refused" will not justify a reversal.   McKenzie v. Remington, 79 Ill. 388.

The California authorities cited by appellant are all criminal cases.   The earlier opinions are quite brief and meager; but in the People v. Ah Fang, 12 Cal. 346, the court grounds its judgment on the right peculiar to a defendant on trial for alleged crime, stating that in civil cases the rule would be different.   "There is no presumption," says the opinion, "indulged in criminal cases that any right is waived  *  *  *  the prisoner was not bound to except at the time.   The rule would be different in civil cases."   Fagg v. Miller, 10 Neb. 442; Fry v. Pilton, 9 N. W. Rep. 638.

The well established rule is, that an appellate court will consider no error unless saved by an exception taken at the trial.   To that rule, in this jurisdiction, there is one exception only.   It is found in Section 249 Code of Civil Procedure to-wit:   "Exceptions to the giving or refusing any instructions or its modification or charge may be taken at any time before the entry of final judgment."   This court in the St. Croix Lumber Co. v. Pennington, 2 Dak. 467, very justly construed that clause according to its true and literal meaning as applicable only to the responses of the court to the specific requests of counsel for instructions.   Appellent therefore cannot invoke that clause as authority for taking his exception after verdict.

EDGERTON, C. J.   This action was brought in the district court for Minnehaha county, and a verdict returned by a jury for the plaintiff.   The case is removed to this court upon the following exceptions by the defendant:   "ASSIGNMENT OF ERROR.   Respondent assigns as error:   (1) The court erred in not reducing his charge to the jury to writing.   (2) The court erred in not giving his charge to the jury, to be taken by them in their retirement and be returned by them with their verdict."

It appears that the instructions of the court to the jury were given orally and taken down in short hand by the court stenographer, and the charge of the court was not taken by the jury in their retirement. This was done without objection. Neither was any request made that the charge should be reduced to writing and handed to the jury. No exception of any kind was taken to this method until after the jury had returned their dict and been discharged. We are clearly of the opinion that the defendant, by sitting by and allowing the court to instruct orally, without objection, waived any right to except to this method of giving instruction, and consequently to the failure to give the charge to the jury in writing to be by them taken in their retirement.