## FRYE *et al.* v. FERGUSON.

1. It is not error to admit an attorney of 20 years' practice to testify as to the value of legal services with which he is shown to be familiar, although he is not practiced in the county or state where such services were rendered, but in an adjoining state; there being nothing tending to show that the value of such services was not the same in both places.

2. Such fact might affect the weight of his testimony with the jury, but it would not render his evidence incompetent.

3. Where a party sits by and allows the trial court to instruct the jury orally, without objection or request that they be instructed in writing, the charge being taken down by the stenographer, such party cannot in this court assign error upon this method of giving instructions, or to the failure of the court to give the charge to the jury in writing, to be taken by them in their retirement.

4. A party cannot in a court of error avail himself of an omission of the court to instruct the jury upon a point in respect to which he asked no instruction.

5. When the affidavits for and against a motion for a new trial on the ground of newly-discovered evidence leave the question of fact in doubt

as to whether the evidence was newly discovered or not, this court will not disturb the decision of the trial court refusing the same.

6. An assignment that the verdict is not sustained by the evidence will not be considered where such was not made a ground in the motion for a new trial, and the record nowhere contains a specification of the particulars in which the evidence is claimed to be insufficient.

(Syllabus by the court. Opinion filed Dec. 19, 1894.)

Appeal from circuit court, Fall River county. Hon. WILLIAM GARDNER, Judge.

Action to recover for services rendered by plaintiffs to defendant as attorneys at law. From a judgment for plaintiffs, defendant appeals. Affirmed.

The facts are stated in the opinion.

*G. M. Cleveland,* for appellant.

Under our statute the instructions given by the court to a trial jury should be reduced to writing and taken by the jury on their retirement. Hardy v. Lusney, 9 O. St. 400; Bank v. Green, 40 O. St. 430; Dixon v. State, 13 Fla. 636; Toledo v. Daniels, 21 Ind. 256; Miller v. Hampton, 37 Ala. 343; Yates v. Kinney, 37 N. W. 590.

*Anderson & Anderson,* for respondents.

KELLAM, J. In the circuit court for Fall River county, upon trial before a jury, judgment was rendered in favor of respondents against appellant, who appeals from the same. Error is assigned as follows: "(1) The court erred in admitting the evidence of William H. Woodward as to the value of legal services sued for, the said evidence being incompetent. (2) The court erred in failing to reduce his instructions to writing, and in failing to send said instructions, so reduced to writing, to the jury on their retirement. (3) The court erred in failing to instruct the jury that the burden of proof rested upon the plaintiff. (4) The court erred in refusing to grant a new trial on newly-discovered evidence, as set forth in the affidavits in support of a motion for a new trial herein. (5) The verdict is not sustained by the evidence, and is against the clear preponderence of the evidence."

Woodward, who testified, with others, as to the value of plaintiffs' services as attorneys, to recover for which this action was brought, said that he was a practicing attorney in Lincoln, Neb., was county attorney, and had practiced his profession for 20 years; that he was acquainted with the value of such professional services as confessedly constituted the ground of respondents' claim or cause of action, and then testified as to their value. His evidence was objected to on the ground of his incompetency, it not being shown that he had any knowledge of the value of such legal services in South Dakota, or Fall River county. We think the witness was competent. There was no attempt to show that such services were worth less or more in South Dakota than in Nebraska, or that, for any reason, their value should be estimated upon a different basis or by a different rule. If, as was shown on his cross-examination, he had never practiced in Fall River county or in the state of South Dakota, but based his estimate upon his knowledge of the value of such services in Lincoln, Neb., this might affect the weight which the jury would give to his testimony, but it did not render him an incompetent witness, there being nothing, as before stated, to indicate to the court that different conditions existed in the two places, not very distant from each other, that would affect the value of such services. See, Enos v. Insurance Co. (S. D.) 57 N. W. 924; Gleckler v. Slavens (S. D.) 59 N. W. 323; Johnson v. Gilmore (S. D.) 60 N. W. 1070.

The second error assigned is that "the court erred in failing to reduce his instructions to writing, and in failing to send such instructions, so reduced to writing, to the jury on their retirement." The abstract shows that the instructions were given orally, and as given were taken down by the official stenographer, and that no objection was made by either party then or subsequently. Under such circumstances the trial court had a right to understand that both parties were satisfied with this method, and waived a strict pursuance of the statute, if this

was not.  Under  precisely  such  conditions  the  territorial  supreme court, in Stamm v. Coates, 4 Dak. 69, 22 N. W. 593, said: "We are clearly of the opinion that the defendant, by sitting by and  allowing  the  court  to  instruct  orally  without  objection, waived any right to except to this method of giving instructions, and consequently to the failure to give the charge to the jury in writing, to be by them taken in their retirement." We are entirely satisfied with this conclusion.  It is fully sustained in Head v. Langworthy, 15 Iowa, 236, in which the court said: "If a party shall sit by, with a knowledge that the statute is not being complied with, and fail to object or except to this method of charging, we do not think that he can afterwards be heard to complain of the same." Thompson so states the law in his work on Trials (section 2378).

It is next assigned as error that the court failed to instruct the jury that the burden of proof rested upon the plaintiff. There is no record here showing error in this respect. No request was made for such an instruction, and if the court inadvertently omitted it the defendant should, either by request for such instruction, or exception to the charge on account of such omission, have called the attention of the court to it.  The failure of the judge to charge upon any material point usually results from inadvertence, and the law casts upon the parties the duty of calling the judge's attention to the matter.  If he then refuse to give a proper requested instruction, such refusal is ground of error; but a party cannot in a court of error; avail himself of an omission which he made no effort to have supplied at the time.  Haynes, New Trials & App. § 120; 2 Am. & Eng. Enc. Law, p. 258, where a large number of cases are cited in support.

The fourth assignment of error is refusing a new trial on the ground of newly discovered evidence.  The application on this ground was addressed to the sound discretion of the trial court, and the action of that court will not be disturbed, except for an abuse of such discretion; the presumption being that the

discretion was properly exercised.    Grant v. Grant, (S. D.) 60 N. W. 743; Hobler v. Cole, 49 Cal. 250.   Upon reading the affidavits for and against the motion, we are quite satisfied that we should not be justified in saying that the  discretion of the trial court was improvidently exercised.   The affidavits leave it a doubtful question whether the evidence claimed to be newly discovered was not in fact known to defendant  at  the time of  the trial, and that he declined to  call  the witnesses named,  on account of his relation to and  distrust of  them.   At all events, the question is not close enough to  require an  analysis of  the affidavits by us.   We are clear that  the  case  is  not one calling for a review of this question by  this  court.

The remaining  assignment is  that  the  verdict is not sustained by the  evidence.   This alleged error was  not made a ground upon which a new trial was asked,  nor  does there anywhere in the record appear any specification of  the particulars in which the evidence  is  so  claimed  to  be  insufficient, as required by sections 5090, 5094, Comp. Laws.   Upon such a record, such assignment is not available  to appellant.

We find no error in  the  record, and  the  judgment is affirmed.   All the judges  concur.