## De Luce v. Root, Sheriff.

1. Plaintiff, a junior mortgagee of personal property, sued to recover the same from the sheriff, who held it in foreclosure proceedings brought by a senior mortgagee, her petition showing the nature, of her cause of action and the execution of the mortgage which was on record in the county where the suit was brought. There was no doubt of plaintiff's

right to recover, if a tender of payment of the prior mortgage was good. No defects appeared in the complaint that were not curable by amendment. The court overruled an objection to evidence based on the ground that the complaint stated no cause of action, after which the mortgage was introduced in evidence. Held, there was no reversible error.

2. A junior mortgagee of personal property is entitled to its possession as against a sheriff holding it in foreclosure proceedings brought by a senior mortgagee, when he offers to pay a sum in excess of the amount due on the senior mortgage, expenses and costs, and the sum is refused as being inadequate.

3. In proceedings to foreclose a chattel mortgage, no costs and expenses can be collected other than those specified in Laws 1889, Chap. 26, relating to the foreclosure of chattel mortgages.

FULLER, J. dissenting.

Opinion filed Sept. 2, 1899.

Appeal from circuit court, Stanley county. Hon. LORING. E. GAFFY, Judge.

Action by Elvetta De Luce against Joseph C. Root, sheriff, to recover the possession of certain personal property. There was judgment for plaintiff, and defendant appeals. Affirmed.

*P. C. Truman,* for appellant.

*J. K. Breeden* and *John A. Holmes* for respondent.

HANEY, J. Plaintiff instituted this action as a junior mortgagee to recover possession of certain cattle held by defendant, the sheriff of Stanley county, for the purpose of foreclosing a senior mortgage thereon. She had judgment, defendant's application for a new trial was denied, and he appealed. The debt secured by the senior mortgage was $388. Plaintiff offered to pay defendant $450. The offer was rejected, for the reason that it was insufficient to pay both debt and costs,

Hence the only controversy between the parties relates to the amount of costs plaintiff was required to pay in order to redeem when her offer was made.

At the trial defendant objected to the introduction of any evidence, on the ground that the complaint does not state facts sufficient to constitute a cause of action. It may be that the conditions of plaintiff's mortgage are not so alleged as to clearly show her entitled to possession thereunder when the action was begun, and if defendant had demurred before answering to the merits, it might have been proper to have sustained the demurrer, but the defects, if any, might have been cured by amendment, and the omitted facts were supplied by the introduction in evidence of the mortgage itself. Defendant could not have been prejudiced by the overruling of his objection. The nature of plaintiff's cause of action appears from the complaint; the mortgage mentioned therein was on file at the county seat where the trial took place; there was no controversy as to its terms, and no doubt of plaintiff's right of possession, provided her offer was sufficient. It would be better practice to have sustained the objection, removed all doubt as to the sufficiency of the complaint by an immediate amendment without terms, and then have received the evidence, but the course pursued was not reversible error. Sherwood v. City of Sioux Falls, 10 S. D. 405, 73 N. W. 913; Johnson v. Burnside, 3 S. D. 230, 52 N. W. 1057; Jenkinson v. City of Vermillion, 3 S. D. 238, 52 N. W. 1066; Anderson v. Alseth; 6 S. D. 566, 62 N. W. 435.

In order to redeem from this senior mortgage, plaintiff was required to pay, or offer to pay, the debt secured thereby, and the legal costs and expenses which had accrued when her offer

was made. Comp. Laws, §§ 4339, 4340. Chapter, 26 Laws 1889. contains these provisions:

"Sec. 6. The fee for the publication of notice under the provisions of this act, shall in no case exceed the sum of three (3) dollars. (2) The officer making the sale shall be allowed the same fees as are allowed by law for levying upon and selling personal property under execution. (3) No greater charge shall be valid for the keeping of live stock between the date of its seizure and the date of sale than is now provided by law for the keeping of live stock when impounded. (4) The register of deeds shall receive for filing the report provided for in Section 7, the sum of ten cents."

The stipulations in the senior mortgage, relative to costs and expenses of foreclosure, are inoperative and void. Laws 1889, Chap. 26, § 9. It is not shown that any attorney at law, who was a resident of the state and admitted to practice in its courts, was employed by the senior mortgagee in making the foreclosure. Laws 1889, Chap. 16. It does not appear that the notice of sale had been published. It does not appear what was actually expended for keeping the cattle from the date of seizure to the time of plaintiff's offer, nor is it shown that the sheriff had actually and necessarily traveled any distance in connection with the foreclosure proceedings. Hence nothing should be allowed as attorney's fees, for publication of notice, for keeping the cattle, or mileage, and the sheriff was only entitled to his commission on the money he would have received and disbursed and his fee for making levy or seizing the property. Comp. Laws, § 1409; Laws 1889, Chap. 26. When chapter 26. Laws 1889, was adopted, chattle mortgage foreclosures were frequent in many portions of the territory, and the in-

curring of unnecessary and burdensome expenses in connection therewith had become a notorious evil. The law was enacted to remedy this abuse, and was evidently intended to restrict the costs and expenses of such forclosures to the items specified in the statute. Plaintiff's rights were the same as the mortgagor's. She was required to pay, or offer to pay the same amount that the mortgagor would have been required to pay to satisfy the claim of the senior mortgagee. It is unnecessary to decide what the officer might have charged if he had seized the property on the range. All he did was to seize it at Fort Pierre, and for this he was entitled to the same fee he would have received for levying an execution upon the same property at the same place, namely, one dollar, Comp. Laws, § 1409.

The debt secured by the senior mortgage was $388, to which should be added the officer's commission, $13, and $1, for seizing the property, aggregating $402. As plaintiff offered to pay a sum in excess of this amount, she was entitled to be subrogated to all the benefits of the superior lien, and, as her offer was rejected on the ground that it was insufficient to pay the debt, costs and expenses, the views of her agent, when it was made, as to the items to which it should be applied are immaterial. These conclusions render any consideration of the court's charge unnecessary, and as, upon the undisputed evipence, plaintiff was entitled to recover, the judgment of the circuit court is affirmed.

Fuller, J., dissenting.