## McCARTHY v. FELL.

Where a complaint for wages alleged that plaintiff was employed by defendant at $2.50 a day, and the answer alleged that defendant contracted to pay plaintiff $2.50 during the harvesting season, and the usual wages for the balance of the time, and no claim was made therein that plaintiff did not do as much work as

other persons in defendant's employ, evidence that he did not do as much work as such persons was immaterial, and properly stricken out.

A witness, having testified that he was not acquainted with the usual wages paid in the neighborhood at the time, was incompetent to testify on the subject.

Error if any, in admitting the opinion of a witness who had not qualified as an expert as to the customary wages of farm hands, was cured by the admission of other evidence without objection as to the value of such services.

In an action for wages, where the issue was whether or not defendant had agreed to pay plaintiff $2.50 per day for the entire time he should work, or only during the harvest season, and the customary wages during the balance of the time he was employed, it was not error to refuse a charge that the jury should consider the reasonable value of the services performed by plaintiff in deciding which of the two claims was the more probable, where the court by its own motion charged that the evidence regarding the usual wages paid in the vicinity at the time for the character of labor performed by plaintiff might be considered upon the question of probability or credibility of the testimony of the parties relative to the contract; the two charges being substantially the same.

In an action for wages under a contract, the terms of which were in dispute, a verdict for less than plaintiff's claim on conflicting evidence is conclusive; the jury being the exclusive judges of the amount due plaintiff, and the trial and Supreme Court being unable to show how they arrived at the sum allowed.

(Opinion filed, Nov. 3, 1909.)

Appeal from Circuit Court, Brule County. Hon. FRANK B. SMITH, Judge.

Action by Dennis McCarthy against D. M. Fell. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*James Brown,* for appellant.

CORSON, J. This case comes before us on appeal by the defendant from a judgment in favor of the plaintiff and order denying a new trial The action was instituted by the plaintiff to recover the sum of $174.30 on account of services done and performed by the plaintiff for the defendant as laborer upon his farm. The case was tried to a jury, and a verdict returned in favor of the plaintiff for $139.30, on which judgment was duly entered.

It is alleged, in substance, in the complaint that the plaintiff was .employed by the defendant at the agreed price of $2.50 per day, and that he worked 76 days and had been paid on account of the same the sum of $15.70. The defendant in his answer denies that he had agreed to pay plaintiff $2.50 per day, excepting during the harvesting season, and alleges that he contracted with the plaintiff to pay him $2.50 during the harvesting season, and the usual wages for the balance of the time; that he worked as such harvester 10 days; and that the reasonable value of the plaintiff's services for the time he worked, after the first ten days, was $109, which, together with the $25 for the 10 days, aggregates the sum of $134, leaving a balance due the plaintiff, after deducting the $15.70 paid, of $118.30. It will thus be seen that the principal issue in the case was as to whether or not the defendant had agreed to pay the plaintiff the sum of $2.50 per day for the entire time he should work, or only $2.50 per day during the harvest season, and the going wages during the balance of the time he was employed by the defendant.

The plaintiff testified, in substance, that he entered into the employment of the defendant upon the agreement of the defendant to pay him $2.50 per day, and that no change was made during the time he was in the employ of the defendant as to the terms of the contract. The testimony of the plaintiff was substantially corroborated by one- Pajeau, whose deposition was read in evidence. The defendant, however, in his testimony contradicted much of the plaintiff's evidence, and testified that the contract was as alleged in his answer that he was to pay $2.50 during the harvest season, and the going wages during the balance of the time. The defendant's evidence was to some extent corroberated by witness Powers. The defendant on his redirect examination was asked the following question: "Q. Did you see him work yourself, and know what he was doing? A. Yes, sir. Q. Did he do as much work as the average farm hand does in that community? (Objected to as irrelevent and immaterial.) A. I say no." The objection was sustained, and the answer was stricken out, to which the defendant excepted. It is contended by the appellant that the court erred in striking out this

evidence, but clearly under the issues raised by the pleadings the evidence was immaterial, as no claim was made in· the answer that the plaintiff did not do as much work ·as other persons in the employ of the defendant, and hence the evidence was immaterial and was· properly stricken out.

One Steimer, called as a witness on behalf of the defendant, was asked the following question: "Q. Are you acquainted with what is the usual and ordinary wages of farm hands in that neighborhood? A. I think so. Q. You ·may state what is, or was last fall, between the early part of August and the month of October, the usual wages for a common farm hand at that time." Objected to as irrelevant and immaterial under the issues in this case, and for the reason no proper foundation has been laid, and the witness had not shown himself qualified to testify on this subject. The objection was sustained and the defendant excepted. After several questions had been asked in regard to the witness' knowledge as to the wages of farm hands, the following question was asked: "Now, from what you have heard of farmers paying in the neighborhood, and what you have paid yourself in the neighborhood, are you acquainted with what is the usual wages? A. No." Clearly under his last answer that he was not acquainted with what the usual wages were his testimony was clearly incompetent. The court therefore committed no error in excluding the evidence of this witness, and the error, if any, was cured by the admission of other evidence without objection as to the value of the services of farm laborers generally.

It is further contended by the appellant that the court erred in its refusal of defendant's request to instruct the jury as follows: "In arriving at a conclusion as to whether the contention of the plaintiff or that of the defendant as to the terms of the contract is correct, you should consider the reasonable value of the services performed by plaintiff as bearing upon the question of which of the two claims is the more probable." But in our opinion the court committed no error in thus refusing to charge the jury, as the court gave substantially the same instruction to the jury in its charge upon its own motion. The court charged the jury, among other things, as follows: "If you find from a

fair preponderance of the evidence that the agreement was that the plaintiff should receive $2.50 per day, and that the time was unlimited, then you should give it to him, because it don't matter what the current wages were. * * * If the contract was that he was to receive $2.50 for a limited time, and that he should receive 'going wages' after 10 days, if that was the contract, then you will have to take the evidence as to what the going wages were, and apply to it your judgment and experience as men, and determine how much the going wages were that he should receive for the balance of the time. Now, the evidence regarding usual and ordinary wages that were being paid in this vicinity at the time for the kind and character of labor the plaintiff was asked to do may be considered by the jury, together with all the other evidence and the facts and circumstances as shown by the evidence upon the question of probability, or credibility of the testimony of these parties relative to the contract." As evidence had been admitted without objection that the usual price paid farm laborers, after the harvest season during the fall of 1906 was from $1.00 to $1.50. per day, and this evidence was not controverted by the plaintiff, the jury were at liberty, if they found the contract as claimed by the defendant, to fix the price of the wages per day received by farm laborers generally.

It is further contended by the appellant that a new trial should be granted for the reason that the jury did not in their verdict find the sum either claimed by the plaintiff or defendant, but there is no merit in this contention, as the sum found due by the jury was less than the sum claimed by the plaintiff; and, as to the amount due the plaintiff, they were the exclusive judges, and their verdict is conclusive, as neither the trial court nor this court are able to say in what manner the jury arrived at the sum fixed in their verdict.

Finding no error in the record, the judgment and order denying a new trial are affirmed.