DAVIS, Respondent, v. C. & J. MICHEL BREWING COM-
PANY, Appellant.

(140 N. W. 694.)

1.  **Evidence—Questions—Leading—Calling for Opinion.**

   Action for personal injuries, charging as negligence improper
   driving of a spirited team: Question whether witness had ever
   seen the team before the accident, when it was unmanageable
   and running away, did not call for a conclusion. Held, further,
   that a question whether he had at any time seen the team when
   it did run, if so, when, was not leading.

2.  **Trial—Motions for Directed Verdict—Specifications.**

   Motions for directed verdict on ground that facts proven by
   plaintiff did not show a cause of action, but which did not point
   out wherein plaintiff had failed in his proof, were properly de-
   nied.

3.  **Evidence—Witness—   Cross-Examination.— Contradictory State-
   ments—Impeachment.**

   In a negligence case, it was proper on cross-examination of
   defendant's witness, to whose negligence personal injuries were
   charged, to ask him if he had not made certain statements re-
   garding the accident which went to the essence of the cause of
   action, and to refer to time and place; and impeaching evidence
   of plaintiff was proper in rebuttal.

4.  **Instructions—Covered by General Charge.**

   The refusal of requested instructions substantially covered by
   the charge as given was not error.

5.  **Instructions—Assumption of Facts.**

   A requested instruction that if the team were ordinarily quiet
   and well-behaved, had shown no disposition to become frighten-
   ed at a close-by locomotive, then the fact that they may have
   run away by reason of a sudden escape of steam from the loco-
   motive, without negligence of the driver, etc., was properly re-
   fused, as assuming the team had shown no past disposition to
   become frightened when close to a locomotive, contrary to the
   evidence, and that the automatic blowing off of steam was a
   remote contingency, whereas, from the evidence and from com-
   mon knowledge the blowing off of steam by a locomotive hap-
   pens automatically, and is of such frequent occurrence that it
   is proper matter for a jury to determine whether a driver of a
   spirited team should not have foreseen such contingency.

6.  **Trial—Instruction to Direct Verdict.**

   An instruction which contains statements concerning weight of
   evidence, and which in effect asks for a directed verdict is
   properly refused, where there is sufficient evidence of negligence
   to go to jury.

7.  **Trial—Written Instruction—Waiver—Statutes.**

Where defendant submitted written instructions under heading "Defendant requests the court to give the following instructions and all instructions in writing to the jury," and the court refused all the instructions, and instructed the jury orally without objection, defendant thereby waived requirement of Sec. 256, Code Civ. Proc., that instructions be given in writing and taken by jury on retiring, whether said request be construed as one that the instructions be given in writing, in which case defendant was not prejudiced because they were taken stenographically, or that all written instructions be given to jury on retirement, there being no written instructions, or that the instructions given be written and given to jury on retirement, such request not being fairly called to attention of court.

8.  ' **Negligence—Instructions Defining Negligence.**

Where the negligence charged in complaint was improper driving of a spirited team across in front of a locomotive, causing it to run away and into plaintiff, an instruction that, if the driving of the team was such an act as an ordinarily prudent and skillful driver would have done, defendant is entitled to a verdict, sufficiently defines what would be negligence in the case.

9.  **Trial—Exceptions—Sufficiency.**

An exception to a portion of an instruction that does not point out wherein it is erroneous is insufficient to authorize a review.

' (Opinion filed March 31, 1913.   Rehearing denied May 6, 1913.)

Appeal from Circuit Court, Minnehaha County. Hon. FRANK B. SMITH, Judge.

Action by F. G. Davis against the C. & J. Michel Brewing Company, for recovery of damages for personal injuries. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*Joe Kirby,* and *Woodward & Lees,* for Appellant.

The admission in evidence of the testimony of Beck as to his conversation with Davis, in the light of the objections made, I think, would show such a mis-behavior on the part of counsel, and such an error of law on the part of the court, that if there were no other error in the case you would be obliged to reverse it; but the proceedings did not stop there.

The claim of my opponent was that, in recalling Davis, he was attempting to discredit Mr. Beck's testimony, by showing that by having made variant statements he was entitled to less credence

than otherwise would be. The real, purpose, however, must be apparent to the court. Mr. Beck was not examined, either directly or indirectly by the defendant as to any such statements. The plaintiff saw fit to ask Mr. Beck the objectionable questions, on his own responsibility, making him thereby his own witness. When he answered, as counsel knew he would answer, in the negative, he then is allowed to introduce these improper statements by plaintiff. How far, or what effect they had with the jury will probably never be definitely known, but they called for such a class of evidence as a jury would be apt to give credence to. First Nat'l. Bank v. North, 6 Dak. 136; Plymouth County Bank v. Gilman, 3 S. D. 170; Roberts v. Minneapolis T. M. Co., 8 S. D. 579.

When the plaintiff interrogated Mr. Beck along this line, he did so on collateral matter, and made him plaintiff's witness, on the very testimony which he brought forth over our objection, he says he is trying to impeach him. Such a subterfuge is too thin to screen the real purpose. 1 Greenleaf Evidence, Sec. 449; State v. Callahan, 99 N. W. (S. D.) 1099; Hurley v. State, 21 N. E. 645; Hildreth v. Aldrich, 1 Atl. 249; Becker v. Cain, 80 N. W. (N. D.) 805; Schnase v. Goetz, 120 N. W. (N. D.) 553; State v. Haynes, 72 N. W. (N. D.) 923; Goldberg v. Met. St. Ry. Co., 84 N. Y. Supp. 211; Deutchmann v. Third Ave. Ry. Co., 79 N. Y. Supp. 1043; Wigmore on Evidence, Sec. 976 and cases cited; Thompson on Trials, Sec. 469 and 470; Stark on Evidence, (9th Ed.) pp. 200-3; Taylor on Evidence, (8th Ed.) Sec. 1435; People v. McKeller, 53 Cal. 65; People v. Bell, 53 Cal. 119; Commonwealth v. Cain, 14 Gray (Mass.) p. 7; People v. Webb, 11 Pac. 509; People v. Cox, 21 Hun (N. Y.) 47; Hurley v. State, 21 N. E. 645; Abbott's Civil Jury Trials (3rd Ed.) p. 269; New Combe v. Griswold, 24 N. Y. 298; City of Greenville v. Spencer, 57 S. E. 638; Oixer v. U. S., 38 S. W. 331; Moulton v. State, 6 L. R. A. 301; U. S. v. Van Sickle, Fed. Cas. 16,609; Griffith v. State, 39 N. E. 440; Hudson v. State, 55 S. W. 492; Ware v. State, 121 S. W. 927.

The test of whether a matter is collateral or not is said to be whether or not the cross examining party would be entitled to prove it as a part of his case tending to establish his plea. Williams v. State, 19 Sou. 826-9; Garner v. State, 25 Sou. 363-4.

At the close of the evidence the defendant requested the court

that all instructions be given to the jury in writing, which was re-
fused and exception taken. (Abst., fol. 65-74-91.) Was this error?

Section 256 C. C. P. provides: "No judge shall instruct the
petit jury in any case, civil or criminal, unless such instructions
are reduced to writing."

Section 257 of the same Code provides: "All instructions
given by the Judge shall be read to the jury in the following or-
der * * * * And all instructions so given and read shall be
taken by the jury on their retirement."

It is seldom we find language plainer than this. The sections
are mandatory, and intended as such by the Legislature. Dorseth
v. Crew, 1 Colo. 18; Gill v. People, 1 Colo. 60; Brown v. Craw-
ford, 29 Pac. 1137; affirmed in the case of Crawford v. Brown,
40 Pac. 692; Shafer v. Stinson, 76 Ind. 374; F. & W. Ry. Co. v.
Daniels, 21 Ind. 256-260; People v. Sanford, 43 Cal. 29; State
v. Harding. 47 N. W. (Ia.) 877; Hardy vs. Turney, 9 Ohio St.,
400; Jenkins v. Ry. Co., 15 S. E. (N. C.) 193; Wettengel v. Den-
ver, 39 Pac. 343; People v. Charges, 26 Cal. 79; Peart v. C. M. &
St. P. Ry. Co., 8 S. D. 432.

The second requested instruction was to the effect that the
defendant's horses were rightfully on the highway, which he was
entitled to use, and that if they were an ordinarily quiet and well-
behaved team, and had shown no disposition in the past to fright-
en at the train, but did become unmanageable by reason of the
sudden blast of steam, by which the driver was thrown from his
seat, the plaintiff would have no cause of action. This requested
instruction I copied almost literally from Section 1433, Bash. Inst.

*Charles P. Bates,* for Respondent.

We think it will require no argument to show that the court
did not err in overruling defendant's objection to the question
asked the witness, O. G. Potter.

The motion to direct a verdict is insufficient. Nichols and
Shepard Co. v. Marshall, 132 N. W. 791; Tanderup v. Hansen, 8
S. D. 375; Howie v. Bratrud, 14 S. D. 648; Coffey v. Greenfield,
62 Cal. 602; Hayne on New Trial and Appeal, Sec. 116.

The witness, Beck, on his direct examination, had testified
with reference to the character of the team to the effect that they
were extremely gentle, not high-lifed, easily handled, and not
"scarey" at engines or cars. In regard to these matters he had dis-

puted the witnesses, Ray Hunter, E. F. Baumheir, R. J. Kelley and O. G. Potter. He had also given his version of his attempt to drive across the track in front of the engine and was being cross-examined relative to these matters when the questions objected to were asked.

The court properly allowed counsel to cross-examine him concerning the same and as to statements claimed to have been made by him which would tend, in some degree at least, to contradict his previous testimony. Such cross-examination was competent and proper as bearing upon his credibility as a witness and the weight to be given his testimony.

At the close of the testimony there were but two disputed questions upon which plaintiff had introduced sufficient evidence to warrant the court in submitting the same to the jury. The court, therefore, by its instructions, eliminated all of the other issues made by the pleadings and submitted to the jury these two questions, substantially as follows:

'    1.   Whether or not the driver was guilty of negligence in attempting to cross the railroad track as the circumstances then were.

2.   If the jury found that the driver was negligent in this regard, and that plaintiff was entitled to recover damages, then to determine the amount of such damages.

The instructions given by the court, taken as a whole, fairly submitted these issues, and certainly the defendant was not prejudiced because other issues were not submitted.

Such portions of the first four requested instructions as were material and pertinent to the issues submitted were fully covered by the general charge of the court.

The provisions of sections 256 and 257 of the Code of Civil Procedure, relative to all instructions being reduced to writing and taken by the jury on their retirement, were enacted for two reasons:

1.   That a written record might be made of the instructions given by the court, so that the same could, if necessary, be reviewed on appeal.

2.   That the jury might have the instructions before them when they retired to consider their verdict.

In the case at bar the first provision has been complied with. The instructions given were reduced to writing and appear in the record which is now before this court.

The second provision, that the instructions should be taken by the jury on their retirement, was waived by defendant, who neither requested that such instructions be taken by the jury when they retired, nor excepted to the failure so to do. If such request had been made the trial court undoubtedly would have had the instructions transcribed in longhand and sent out with the jury.

Defendant was not prejudiced because the court stated the instructions to the jury, instead of reading them; and by failing to request that the same be taken by the jury when they retired, or taking exception thereto, defendant waived a strict pursuance of the statute in this respect. Frye et al. v. Ferguson, 6 S. D. 392; Stamm v. Coates, 4 Dak. 69.

The tenth assignment is insufficient under the rule announced in Hedlun v. Holy Terror Mining Co., 16 S. D. 281; Franz Falk Brewing Co. v. Meilenz Bros., 5 Dak. 138, 37 N. W. 728; State v. Chapman, 1 S. D. 414.

Assignment of error No. 9 in appellant's brief also refers to the portion of the charge excepted to, and states three reasons in support of the claim that the instruction was erroneous. The reasons, however, were not stated in the assignment of error attached to the statement of the case, nor was the attention of the trial court directed thereto on the hearing of the motion for a new trial. They should not, therefore, be considered on this appeal.

GATES,. J. This was an action for personal injuries. The plaintiff recovered judgment against the defendant in the sum of $1,500. This appeal is from the judgment and order denying a new trial. The facts are, briefly, as follows: On the morning of October 17, 1910, plaintiff was driving a one-horse dray north on Phillips avenue in the city of Sioux Falls. He stopped near the corner of Fifth street, because the street was temporarily obstructed by a swith engine and cars of the Chicago, Milwaukee & St. Paul Railway Company. Defendant's agent, Mr. Beck, driving defendant's team of horses attached to a delivery wagon was driving in the same direction, and stopped behind the plaintiff near the wholesale house of Jewett Bros. & Jewett. When the street

was cleared, plaintiff proceeded across the railroad tracks. The engine stopped near the crossing. After the plaintiff had crossed the tracks, defendant's agent followed, and while upon the tracks the engine blew off steam; the horses became frightened, threw the driver from the wagon, and collided with the plaintiff, causing him severe injuries. The evidence tends to show that defendant's horses were six years old; that they were shipped to Sioux Falls from La Crosse about August 21, 1910; that Mr. Beck had driven them since that time, that they weighed 2,800 pounds; that they were high-lived; that they were being driven by a straight smooth bit; that they drove well up on the bit; that when waiting for the street to be cleared they were prancing and acting "kind of scared" and continued so to do while crossing the tracks; that they had previously ran away, although this was disputed by defendant's driver. The gist of the case was whether defendant's agent was negligent in crossing the railroad tracks at the time he did so under all the circumstances.

Appellant has presented 11 assignments of error, which demand consideration. The first was not argued in appellant's brief, hence is abandoned.

[1] The second and third assignments of error relate to the ruling of the court in response to the following questions asked of witness Potter: "Q. Prior to the day of this accident state whether or not you had seen this team when it was unmanageable in charge of Mr. Beck and running away. (Defendant objects—calling for a conclusion of the witness, not a statement of facts. The question, if material at all, should be: 'What did you see this team do?' Objection over-ruled. Defendant excepts.) A. I had seen the team at different times while he was in charge of the team acting up and trying to run. Q. Did you see this team at any time when it did run, and, if so, when? (Defendant objects as incompetent, calling for a conclusion of the witness, leading, and suggestive, and should be confined to the question of what he saw this team do. Objection overruled. Defendant excepts.) A. I did. It was some time before the accident. I cannot say just when." There was no prejudicial error in these rulings.

[2] Assignment No. 4 is based upon the refusal of the trial court to direct a verdict for defendant at the close of plaintiff's testimony, and assignment No. 11 is based on a similar motion at

the close of all the testimony.   These motions were in the follow-
ing language: "Defendant moves the court to direct the jury to
return a verdict in favor of the defendant against the plaintiff,
for the reason that the facts proven by the plaintiff are not suffi-
cient to, and do not, constitute a cause of action against the de-
fendant."   These motions were properly denied.   They were in-
sufficient for the reason that they did not point out the matters
wherein it was claimed that the plaintiff had failed in his proof.
Nichols & Shepard Co. v. Marshall, 28 S. D. 182, 132 N. W. 791;
Howie v. Bratrud, 14 S. D. 648, 86 N. W. 747.

   [3]  Appellant's fifth, sixth, and seventh assignments of error
relate to the admission of evidence claimed by appellant to be in-
competent.   Plaintiff's attorney propounded to defendant's wit-
ness Beck the following questions which related to a time about
six months after the accident:  "Q. Don't you remember of talk-
ing with Mr. Davis a short time after he got out and was around
town with regard to this accident, and how it occurred?  (Defend-
ant objects—not proper cross-examination,  not impeaching, in-
competent, and immaterial.  Objection overruled.  Defendant ex-
cepts.)   A. No, sir; I do not.    Q. Don't you remember having a
talk on the street here in which you stated to him—(Defendant's
attorney interrrupts counsel for plaintiff and objects to the ques-
tion as not attempting to cross-examine and incompetent, as the
witness has answered, 'No,' and is not for the purpose of im-
peachment, but for the purpose of getting a statement of counsel
before the jury, and as evidence of a fact, regardless of how the
witness may testify.   Objection overruled.   Defendant excepts.)
Counsel for plaintiff continues his question as follows:—that you
were wating there for the engine to get away, but that after you
saw him drive his horse across that then you thought you could
make it with your team, and started across with your team, and
they ran away with you?  A. No, sir.   Q.  Didn't you state that
to him about the month of April, 1911, on Phillips avenue near
Eighth street, in substance or words to that effect?  (Defendant
objects as hearsay, not binding on the company, not tending to con-
tradict anything witness has already stated.   Incompetent, im-
material, and irrelevant; not cross-examination.   Objection over-
ruled.  Defendant excepts.)   A. I do not remember ever talking to
him there.   I never made such a statement to him."   The ques-

tions asked of witness Beck related to the very essence of the cause of action, viz., negligence. They did not relate to collateral matters. The impeaching evidence of the plaintiff was proper in rebuttal. Greenleaf on Evidence, § 449; Novotny v. Danforth, 9 S. D. 301, 68 N. W. 749; Wendt v. Railway Co., 4 S. D. 476, 57 N. W. 226; Wadsworth v. Owens, 17 N. D. 173, 115 N. W. 667. The rule is concisely stated in article 131 of Stephen's Digest of the Law of Evidence as follows: "Every witness under cross-examination in any proceeding, civil or criminal, may be aked whether he has made any former statement relative to the subject-matter of the action and inconsistent with his present testimony, the circumstances of the supposed statement being referred to sufficiently to designate the particular occasion, and, if he does not distinctly admit that he has made such a statement, proof may be given that he did in fact make it."

[4] Appellant's eighth assignment relates to the refusal of the trial court to adopt defendant's five requested instructions. The first, third, fourth, and part of the second were substantially covered by the charge as given, and therefore their refusal was not error. Snee v. Clear Lake Telephone Co., 24 S. D. 367, 123 N. W. 729; McCarthy v. Fell, 24 S. D. 74, 123 N. W. 497.

[5] The remainder of the second requested instruction follows: "And if such team were ordinarily quiet and well-behaved, had shown no disposition in the past to become frightened at the train or locomotive in close proximity to them, then the fact that they may have plunged, become unmanageable, and run away by reason of a sudden blast of steam escaping from the safety valve of the locomotive, and if you find that the driver was thrown from his dray in the manner that he has described and lost control of said team, not by reason of want of care on his part, then the collision must be regarded as accidental, and the plaintiff could not under such circumstances recover." This request assumed that the team had shown no disposition in the past to become frightened when in close proximity to a locomotive. The evidence shows to the contrary.

This request also erroneously assumed that the blowing off of steam by the engine was one of those remote incidents which defendant's driver could not reasonably foresee, whereas from the evidence and from common knowledge the blowing off of steam

by a locomotive is one of those incidents that happen automatically when the steam in the boiler rises to a certain point, and is of such frequent occurrence that it was properly a matter for the jury to determine whether defendant's driver should not have forseen such contingency. If at the time he was crossing the tracks the boiler of the locomotive had exploded, then the injury would have been the result of accident, and this part of the requested instruction would have been proper. We think the trial court might with propriety have been more specific in calling attention in the charge to the distinction between negligence and accident in connection with the escape of the steam from the safety valve of the locomotive. Brickwood, Sackett Instructions, §§ 1339-1342. But in the light of the evidence in this case that portion of the charge quoted above could not properly have been given; hence it was not error to refuse it.

[6]    The fifth requested instruction was in effect for a direction of the verdict in favor of defendant. It was properly refused because there was sufficient evidence upon the question of negligence to go to the jury, and because it contained statements concerning the weight of evidence which were matters for the jury to pass upon, and not the court.

[7] Assignment No. 9 is as follows: "In refusing to give its instructions to the jury in writing as requested by the defendant at the proper time." At the close of the evidence, defendant's attorneys presented to the court a paper headed. "Requested Instructions," containing five requested instructions which cover more than three pages of the abstract of record. After the heading and before the first requested instruction, the following was inserted: "Defendant requests the court to give the following instructions *and all instructions in writing* to the jury." The italics are ours. Each of these five requests was overruled by the court as stated in the discussion under assignment No. 8. The court instructed the jury orally, and thereafter the defendant excepted to the refusal of the court to give its instructions to the jury in writing. Section 256, C. C. P., provides, among other things: "And no judge shall instruct the petit jury in any case, civil or criminal, unless such instructions are reduced to writing." Section 257 provides among other things: "All instructions given by the judge shall be read to the jury in the following order: Defendant's instructions

by defendant's counsel. (2) Plaintiff's instructions by plaintiff's counsel. (3) Instructions given by the judge, of his own motion, if any, by the judge giving the same; and all instructions so given and read shall be taken by the jury in their retirement." These sections were construed by the territorial Supreme Court in the case of Stamm v. Coates, 4 Dak. 69, 22 N. W. 593, in an opinion handed down in February, 1885. Notwithstanding said statutes, the court held: "We are clearly of the opinion that the defendant, by sitting by and allowing the court to instruct orally, without objection, waived any right to except to this method of giving instruction, and consequently to the failure to give the charge to the jury in writing to be by them taken in their retirement." This ruling was approved by this court in the case of Frye v. Ferguson, 6 S. D. 392, 61. N. W. 161. The question before us under this assignment is therefore whether defendant has waived its right to insist upon these requirements of statute. It will be noticed that in the prelude to its five requests to charge and under the caption, "Requested Instructions," defendant's attorney slid in the words italicised above *"and all instructions in writing."* These words might be construed to constitute a request that all instructions given to the jury should be given in writing. If so construed, there was no request by defendant that such written instructions be taken by the jury on their retirement. Under this construction the error, if any, was without prejudice to the defendant because the oral instructions were taken down in shorthand by the stenographer, and the failure to request that they be taken by the jury would constitute a waiver of the requirements of section 257, C. C. P. These words, *"and all instructions in writing,"* might also be construed as a request that all instructions that were given to the jury in writing be taken by the jury on its retirement. Under this construction, there is no error, because no written instructions were given, nor would the ninth assignment of error apply to this construction. It is our opinion, however, by reason of the way in which this alleged request for written instructions was obscurely sandwiched in under the caption "Requested Instructions," that the trial court did not become aware of the fact that defendant desired the court's charge to be written and read to the jury and taken out by the jury on retiring. If defendant's counsel had desired the court to instruct in writing instead of orally, they

should have called the attention of the court thereto, openly and above board. Of course, we do not presume that defendant's attorneys were intentionally trying to take advantage of the trial court, but the effect was the same as if they were. It was unfair to the trial court to slide in such a request under the cover of "Requested Instructions," and we cannot sanction such practice.

[8, 9] Appellant's tenth assignment of error is as follows: "In charging the jury and submitting to them under the evidence, the question, 'Was Mr. Beck guilty of negligence in driving his team across in front of the engine?' and not defining to the jury what would constitute negligence in such cases, and telling the jury that, if such were the case, the defendant company would be liable." We find in the record only one exception to the charge as given by the court; this was as follows: "Defendant thereupon duly excepted to that portion of the charge in which the court said, 'If the witness Beck was guilty of negligence, then the company would be liable,' and in failing to define to the jury what constituted negligence in such cases." We will therefore consider the exception, and not the assignment of error. This exception may be considered under two heads: First, that relating to the language quoted: and, second, that relating to the failure of the court to define negligence. Under the first head, we find no language in the charge of the court identical with the words quoted in the exception. We do find, however, the following language in the charge, which we presume contains the portion of the charge excepted to: "If the evidence shows by a fair preponderance of it that this driver, Frank Beck, under all the circumstances, was guilty of negligence in attempting to cross the railroad track under the circumstances as they then existed, then, of course, the plaintiff would be entitled to recover damages. If the evidence fails to show that he was guilty of negligence, and that it was such an act as an ordinarily prudent and skillful driver would have done, then, of course, the defendant is entitled to a verdict and plaintiff cannot recover." Counsel for respondent objects to the consideration of this exception to the charge because of its insufficiency. This objection is well taken. Hedlun v. Holy Terror Min. Co., 16 S. D. 261, 281, 92 N. W. 31. But we are nevertheless of the opinion that there was nothing objectionable in that portion of the charge. In regard to the second branch of defendant's exception

we have carefully examined the charge as given, and find that it did fully and fairly define to the jury what would constitute negligence in this case.

Finding no error in the record, the judgment and order denying a new trial are affirmed.