## KLINK, Respondent, v. QUINN, Appellant.

### (156 N. W. 797.)

(File No. 3702.   Opinion filed March 13, 1916.)

1.  Pleadings—Conversion—Attachment—Ownership Prior to Levy—
    Insufficient Complaint, Indefinite Objection to Evidence Under.
    In a suit for conversion of plaintiff's property which had been attached by defendant as that of plaintiff's husband, held, that an objection, at the beginning of a trial, to sufficiency of complaint, which specified no grounds as to its basis, and appellant failed to point out the defect at any stage of the trial, was

unava‍iling; the complaint alleging ownership in plaintiff on a date preceding that of the levy.

2. **Evidence—Ownership—Conversation Between Alleged Owner and Attachment Debtor as to Disposition of Property, in Defendant's Absence—Admissibility.**

Where, in a suit for conversion of horses levied upon under attachment against plaintiff's husband, the evidence showed that the husband traded a certain mare which plaintiff claimed to have bought before her marriage, for one of the horses involved in the action, held, that the admission of evidence of a conversation between plaintiff and her husband, in absence of defendant sheriff, in which she told him to trade the mare if he could, was not prejudicial, even if erroneous.

3. **Trials—Instructions—Stating Abstract Principle of Law, but Inapplicable to Issues, Refusal of.**

Although abstract principles of law set forth in refused instructions were clearly stated, the refusal by trial court was not prejudicial, where they were inapplicable to the issues.

4. **Trials—Instructions—Refused Instructions Covered by Those Given—Prejudice.**

Where refused instructions are covered by those given, no error resulted.

5. **Appeals—Review—Inadequate Argument of Brief as to Instructions.**

Where, on an appeal involving error in refusal of requested instructions, appellant's argument in his brief was confined to statement of his opinion that they should have been given, and that, if given, verdict would have favored his client, citing without comment certain authority, such argument was unavailing.

Appeal from Circuit Court, Hughes County. Hon. JOHN F. HUGHES, Judge.

Action by Nellie Klink, against Edward M. Quinn, for damages for conversion of livestock. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Albert Gunderson,* for Appellant.

*Gaffy, Stephens & Fuller,* for Respondents.

GATES, J. This is an action for damages for the conversion of six horses, a saddle, and harness, levied upon as the property of plaintiff's husband by the defendant sheriff under a warrant of attachment against the husband. The important question at the trial was the ownership of the property. The evidence on the part of plaintiff tended to show the property belonged to her;

that of defendant tended to show it to be the property of plaintiff's husband. Verdict and judgment were for the plaintiff. Therefrom, and from an order denying a new trial, defendant appeals.

[1] The first point raised by appellant is the insufficiency of the complaint, because it alleges ownership in plaintiff on August 10th and the levy by the sheriff on August 11th. This discrepancy is now urged: (a) Under an exception to the overruling of an objection to the introduction of any evidence made at the beginning of the trial; (b) under an exception to the admission of evidence that there was no change in ownership between the 10th and 11th of August; (c) under exceptions to the denial of motions for a directed verdict, made at the close of plaintiff's evidence and at the close of the trial. The objection made at the beginning of the trial specified no grounds as a basis for it. It was therefore insufficient. Pine Tree Lumber Co. v. City of Fargo, 12 N. D. 360, 96 N. W. 357; Davis v. C. & J. Michel Brewing Co., 31 S. D. 284, 140 N. W. 694. If appellant had then pointed out the ground of his objection to the compliant, as it was his duty to do if he desired to take advantage of it, the plaintiff would without doubt have asked to amend the complaint, so as to allege ownership and levy on the same date, and without doubt the trial court would have allowed the amendment. De Luce v. Root, 12 S. D. 143, 80 N. W. 181. Nor did appellant at any later stage of the trial point out the defect. The defect is purely technical and clerical in its nature, and we therefore decline to reverse the ruling of the trial court on that ground.

[2] In her effort to prove ownership of one of the horses, plaintiff was asked to state a conversation with her husband, had in the month of May, preceding the levy, relative to a bay mare which the plaintiff claimed to have bought before her marriage. This was objected to as not in the presence of defendant (and on other grounds not argued), and the objection was overruled. The answer was: "I told him to trade the mare, if he could." Further evidence disclosed that the husband did trade the mare for one of the horses involved in this action. We fail to discover any prejudice in the ruling, even though erroneous.

[3-5] Eight of defendant's requested instructions were denied. No beneficial object would be advanced by reciting them. Suffice it to say that some of them, while correctly stating abstract prin-

ciples of law, were inapplicable to the issues, and that the remainder were covered by the instructions as given. Furthermore, appellant in no way argued this matter in his brief, except to state that in his opinion these instructions should have been given, and that, if they had been given, the verdict would have been favorable to his client, and to cite without comment certain decisions of this and other courts.

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.