CONWAY, Respondent, v. BURK et al, Appellants.

(171 N. W. 84.)

(File No. 4461. Opinion filed March 12, 1919. Rehearing denied June 3, 1919.)

1. Agency—Land Sale, Recovery of Commission—Plaintiff's Contract With Other Agents for Commission on Sale at Higher Price—Instruction on Evidence, Law of Case.

In a suit by a land agent, who had the agency for sale of a tract of land at a given price per acre, and who testified (outside of the pleadings) that the owner was to allow him $1 an acre upon the purchase price, and in addition all he could get above the purchase price, as compensation; that (in keeping with the pleadings) he had a customer to whom he had shown the lands, that thereupon defendants solicited him to permit them to sell the lands to their customer, and that if they sold same for any amount above the price listed to plaintiff, they would pay him one-half of all they would make above said list price upon the sale; that in consideration of said agreement plaintiff desisted from further efforts to make sale and permitted defendants to offer the land to their customer; that defendants contracted with said customer to sell and he to purchase the realty at a certain advanced price, that thereafter defendants induced the owner to agree to sell the lands to them at the original list price per acre and on the terms originally agreed upon between him and plaintiff; that defendants thereafter ignored plaintiff in the sale and refused to pay him anything on account thereof; he having sued for one-half the profits realized by them from said sale to their customer; the case having been tried upon the issue raised by a denial of the contract testified to by plaintiff; held, that instructions that one question involved was whether plaintiff under his contract with the owner was entitled to all he could procure over and above the list price per acre upon the sale, in addition to $1 per acre, and if not, then jury need not consider the case any further, but their verdict should be for defendants; but that if they found that the contract between the owner and plaintiff concerning plaintiff's compensation was as above stated, then they should determine whether or not there was a contract between him and defendants whereby the latter agreed to give him one-half of all they made on the sale above said list price, and if they found there was such a contract, then their verdict should be for plaintiff for one-half the amount they made above said list price—became the law of the case upon appeal.

2. **Same—Land Sale, Commission Above Price—Agent's Contract With Other Agents For Sale at Higher Price—Public Policy—Complaint, Amendment to Meet Proof—Harmless Error.**

Such contract, as testified to by plaintiff and as found by jury on the evidence and court's instructions, between him and defendants, is not subject to objection by the latter as contrary to public policy and in violation of plaintiff's duty and trust as the owner's agent. In such case, trial court, either before or after trial, might have permitted an amendment of complaint to correspond to proof and to issues as actually tried under evidence and instructions; no objection to evidence on ground

of variance having been made at trial; and the error, if any, in overruling objection to the complaint as stating a case against public policy, was without prejudice.

Appeal from Circuit Court, Codington County. Hon .W. N. Skinner, Judge.

Action by M. J. Conway, against R. W. Burk and another, to recover a commission upon a sale of land. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*John N. Weber, William G. Gesley,* and *George H. Marquis,* for Appellants.

*J. G. McFarland,* for Respondent.

(2) To point two of the opinion, Appellants cited:

Jensen v. Bowne (N. D.) 164 N. W. 4; Michigan Steel Box Co., v. United States, 49 Ct. Cl. 421.

Respondent cited:

Langford v. Issenhuth (S. D.), 134 N. W. 889-893-894-895.

SMITH, P. J. Appeal from the circuit court of Codington county. The complaint alleges: That plaintiff was and is engaged in the land and real estate business. That about April 8, 1917, one August Christians listed with plaintiff for sale a tract of land containing 308 acres, more or less. That plaintiff was to have the exclusive sale of said land until October 1, 1917, at $50 per acre. Terms of sale: $1,000, cash; $2,000 on or before March 1, 1918; balance on or before seven years with interest at 5 per cent. per annum. That about September 19, 1917, plaintiff had a customer to whom he had shown said lands. That thereupon defendants solicited plaintiff to permit them to sell said lands to one of their customers and agreed with plaintiff that, if said lands were sold to said customer for an amount above the price at which the land was listed with plaintiff, defendants would pay to plaintiff one-half of all they would make upon the sale of said land. That plaintiff quoted the terms upon which the land was listed with him for sale by Christians and agreed to the proposition made by defendants. That thereupon and in consideration of said agreement plaintiff desisted from further showing said lands to his own prospective customers, and permitted defendants to offer said lands to their customer, one Jacob Shuck. The defendants entered into an agreement with said Shuck whereby defendants agreed to

sell, and Shuck agreed to purchase, said real estate at the price of $62.50 per acre, $2,000 cash, $5,000 payable on or before March 1, 1918, balance to be secured by note and mortgage on the land, payable in seven years with interest at the rate of 5 per cent. per annum. That Shuck then and there paid defendants $2,000 in cash pursuant to the terms of said contract. That on the 22d day of September defendants met and induced said Christians to enter into a contract whereby said Christians agreed to sell said lands to defendants at the price of $50 per acre, $1,000 cash, $2,000 on or before March 1, 1918, balance payable by note and mortgage on said lands seven years from and after March 1, 1918, with interest at 5 per cent. per annum; said contract between defendants and Christians being the same terms quoted by plaintiff to the defendants, and the same terms upon which Christians had listed said property with plaintiff, all of which defendants well knew. That ever since said transaction defendants have ignored plaintiff in the sale and refused to pay him anything on account of said sale. Plaintiff demands judgment for $1,925, being one-half the profits realized by defendants from the sale of said lands, together with interest.

Defendants filed separate answers, substantially the same, in which they admit that said lands were listed with plaintiff exclusively as the agent of Christians, to be sold for the sum of $50 per acre, under which listing Christians agreed to pay plaintiff a commission of $1 per acre, and allege that, after the sale of said lands, Christians paid plaintiff $308 commission due him under said contract of listing; and further alleged "that the facts alleged in plaintiff's complaint are in violation of plaintiff's duties as an agent."

At the opening of the trial, defendants objected to the introduction of any evidence by the plaintiff upon the ground that the complaint did not state facts sufficient to constitute a cause of action, "it being against public policy to enforce such a contract or agreement as that upon which the plaintiff seeks to recover, upon the facts stated in the complaint, the complaint not stating that either the owner of the land or the buyer knew of such contract or agreement."

At the close of plaintiff's case, defendants moved for direction of a verdict upon substantially the same grounds stated in

the objection to introduction of evidence. At the close of all the evidence, defendants renewed their motion for a directed verdict upon the same grounds, which motion was overruled, and error is assigned. At the trial, after testifying to the listing of the property with him for sale, plaintiff, without objection by appellant, was permitted to testify as follows:

"I asked him what commission he would give me, and he said he would give me a dollar an acre commission out of the $50 an acre. I said, 'Now, if I get anything over that, August, it will be perfectly satisfactory with you,' and he said, 'Yes,' I said, 'I don't think I am getting enough,' and he said, 'Whatever you get over that will be satisfactory to me.'"

This statement is substantially corroborated by the testimony of Christians.

Plaintiff also testified to the alleged agreement between himself and defendants for a division of the profits upon the sale of the land. This agreement was denied by defendants. The trial court, among other things, instructed the jury as follows:

"Now, the first question you are to consider when you go to your jury room to deliberate upon this case will be this: Was the plaintiff, M. J. Conway, by the terms of his contract with the owner of the lands, August Christians, entitled to all he could procure over and above $50 per acre upon the sale of this land, in addition to the $1 per acre which August Christians was to pay him? If you find that he was not entitled to all over and above :$50 per acre which he would receive for this land, then you will not need to consider this case any further, but your verdict should be for the defendants upon all the issues. If, on the other hand, you find that by the contract between August Christians and M. J. Conway, that he was to receive upon the sale of this land $1 per acre or $308 and all over $50 per acre if he should secure a purchaser to buy it for more than $50 per acre, then you will go on and determine whether or not there was a contract between Conway and the defendants in this action whereby the defendants agreed to give M. J. Conway one-half of all that they made on the sale of this land over and above the sum of $50 an acre. If you find that there was such a contract entered into, then your verdict should be for the plaintiff upon all the issues. In other

words, your verdict should be for the plaintiff in the sum of $1,925 and 5 per cent. interest from September 22d."

[1] Such instructions therefore not excepted to, became the law of the case upon this appeal. It will be noted that the complaint does not allege that, by this contract of listing the lands for sale, the plaintiff and Christians agreed that plaintiff was to receive, in addition to the commission of $1 per acre, any excess above $50 per acre which might be obtained on a sale of the land. But at the trial plaintiff was permitted, without objection, to prove such a contract, and, without objection the whole case was tried and submitted to the jury upon the issue raised by a denial of the contract testified to by plaintiff.

[2] Appellant's contention here is that the contract alleged in the complaint is contrary to public policy and a violation of plaintiff's duty and trust as Christians' agent. It is perfectly clear, however, that the contract testified to by plaintiff, and found by the jury under the evidence and instructions of the court, would not be against public policy, nor would the acts of plaintiff constitute a violation of his duty or trust as agent of Christians. In such case, the trial court, either before or after trial, might have permitted an amendment of the complaint to correspond to the proof and to the issues as actually tried, under the evidence and instructions.

In De Luce v. Root, 12 S. D. 141, 80 N. W. 181, this court held that an adverse ruling on an objection to evidence, on the ground that the complaint failed to state a cause of action, was not reversible error, where the complaint contained no defects not curable by amendment.

In Totten v. Stevenson, 29 S. D. 71, 135 N. W. 715, this court held:

"Evidence of matters pertinent to and connected with the cause of action on trial, received without objection by either party, although not pleaded, has the same force and effect, for the purposes of the trial, as if properly pleaded; and under such circumstances it was proper for the trial court to base his instructions on the pleadings as well as the evidence, although some of the evidence was without the allegations of the pleadings. Where parties raise issues of fact not alleged in the pleadings, without objection, it is not error to instruct the jury on such issues. It

is proper to give instructions on the theory upon which the parties try the case, although the pleadings, technically, do not support such theory. * * * The jury 'find from the evidence,' and not from the pleadings. The pleadings are intended to apprise the opposite party of the ground of action or defense, and to guide the court in admitting or rejecting evidence. * * * If neither of the parties has objected to the evidence on the ground of variance, the judge is to instruct the jury upon the whole evidence; the rule being that a variance between the pleadings and the evidence is no ground of error, unless the evidence was objected to on this ground at the time it was offered."

No objection to evidence on the ground of variance was made at the trial, and the case was submitted to the jury upon the issues presented by the evidence, without objection. The contract found by the jury was not contrary to public policy nor a violation of plaintiff's duty as an agent, and if it be conceded that the complaint is subject to the objection urged by appellant, and that such objection should have been sustained, it is clear that the error was without prejudice and, under many decisions of this court, is not ground for reversal of the judgment.

The order and judgment of the trial court are affirmed.