KRUMM v. SOUTH DAKOTA CENT. RY. CO.

A railway company, to relieve itself from double liability for loss by fire, must, under Laws 1907, c. 215, § 2, providing that, if it shall fail to pay such damage within 60 days after notice, the owner shall recover double damages, act within the time prescribed, and, having failed to do so, an offer to pay after 60 days is the same as no offer at all.

The evidence and instructions not having been brought to the Supreme Court, it must be presumed that the trial court properly instructed the jury.

(Opinion filed, May 24, 1910.)

Appeal from Circuit Court, Lake County. Hon. JOSEPH W. JONES, Judge.

Action by Louis Krumm against the South Dakota Central Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

*Joe Kirby*, for appellant. *Krause & Krause*, for respondent.

McCOY, J. This is a suit to recover double damages under chapter 215, Laws 1907, for fire communicated to the property of plaintiff by defendant's locomotives. The questions as to general validity and effect of such statute must be governed by the decision in Jensen v. S. D. Cent. Ry. (rendered by this court at this term), 25 S. D. ——, 127 N. W. 650.

It appears from the record that plaintiff served notice of loss and affidavit thereof required by said statute on defendant November 5, 1908, and that on January 5, 1909, 61 days thereafter, defendant served on plaintiff a notice offering to pay the fixed sum of $50 in full settlement of the loss and damage to plaintiff by reason of such fires. On the trial the jury rendered a general verdict in favor of the plaintiff for $35, and thereafter the court rendered judgment on said verdict against the defendant for the sum of $70, double the amount of such verdict, and the appellant now assigns as error the rendition of said judgment in double the amount of said verdict. The notice on the part of the appellant offering to pay $50 in full settlement of said damages was wholly excluded and disregarded by the trial court on the ground that the same had not been served in time. We are of the opinion that the action of the trial court in wholly disregarding and ex-

cluding said notice was proper. The concluding clause of section 2, c. 215, is a provision affording a means whereby a railway company, within 60 days after the notice of loss, may release itself from the liability to pay double damages, and, in order for the railroad company to avail itself of such opportunity, it must do so within the time prescribed by this section of the statute, and having failed to do so, the making of such offer after the expiration of 60 days was the same as if no offer of settlement had been made at all. The evidence and instructions of the lower court not having been brought up to this court in the record, it must be presumed that the trial court properly instructed the jury to render a verdict for single damages, and that the $35 general verdict was for such single damages only. The court was therefore authorized to render judgment for double the amount of such verdict. The plaintiff's recovery being in excess of $50, the offer of judgment made by appellant was wholly unavailing.

Finding no error in the record, the judgment of the circuit court is affirmed.