PAXTON & GALLAGHER CO. v. STARKWEATHER et al.

Where, in an action on a firm indebtedness, the issue whether payments made by the continuing partner after the dissolution of the firm, who continued to deal with plaintiff, should have been credited to the firm indebtedness or to the continuing partner individually, was controverted, the court could not direct a verdict for the full amount of the creditor's claim against the firm.

Where, in an action on a firm indebtedness, the issue presented by the pleadings was whether the debt had been paid by payments made by the continuing partner after the dissolution of the firm, who assumed the firm obligations, and who continued dealing individually with plaintiff, and the evidence showed that if the payments made by the continuing partner had been credited to the firm indebtedness the debt would have been paid, a charge that the only question for the jury was whether the sum claimed to be due had been paid by the firm was proper.

Under Civ. Code, §§ 1147, 1150, providing that, where a creditor directs the debtor to perform his obligation in a particular manner, the obligation is extinguished by performance in that manner, and declaring that where a debtor under several obligations to another does an act by way of performance equally applicable to two or more of the obligations, the performance must be applied according to the intention of the debtor made manifest to the creditor, etc., a payment made by a continuing partner, assuming the firm debts and continuing to deal with a firm creditor, made immediately after a demand by the creditor for a payment of the firm debt, and with a suggestion that the payment should be applied to the firm debt, must be applied by the creditor on the firm debt.

A firm which is dissolved is not liable for goods purchased by the continuing partner from a seller having notice of the dissolution.

Under Code Civ. Proc. § 303, providing that the bill of exceptions, or the statement of the case, on which a motion for a new trial is made, must specify the particulars relied on, etc., a bill of exceptions or a statement of the case properly before the court on the determination of a motion for a directed verdict cannot be considered in determining the sufficiency of the evidence to justfy the verdict, since the same could not be considered by the trial court on motion for a new trial.

In the absence of a bill of exceptions or statement specifying the particulars in which the evidence is insufficient to justify the verdict, the court on appeal must assume that the verdict was justified by the evidence.

Under Code Civ. Proc. § 303, providing that the bill of exceptions on which a motion for new trial is made shall specify the particular errors on which the party relies, and that, when the motion is made on the minutes on the ground of the insufficiency of the evidence, the notice of intention to move for new trial must specify the particulars in which the evidence is insufficient, etc., the specifications of the particulars in which the evidence is insufficient to justify the verdict must be contained in the bill of exceptions, or in the notice of intention to move for new trial on the minutes, and, in the absence of the specifications in the bill of exceptions, the bill must be disregarded, and in case the motion is made on the minutes the motion must be denied in the absence of the specifications of insufficiency from the notice of intention.

(Opinion filed, October 4, 1910.)

Appeal from Circuit Court, Custer County. Hon. LEVI McGEE, Judge.

Action by the Paxton & Gallagher Company against W. V. Starkweather and others. From a judgment for defendants, plaintiff appeals. Affirmed.

*William F. Dutton,* for appellant. *Ed. L. Grantham,* for respondents.

CORSON, J. This is an appeal by the plaintiff from a judgment entered in favor of the defendants and from the order denying a new trial. The action was instituted by the plaintiff to recover a balance of $63.78 alleged to be due it from the defendants. The answer of Starkweather alleges, in substance, that the firm of Starkweather & Rogers was, before the bringing

of this action, duly dissolved and no longer has any existence in fact; that, at the time of the dissolution of said partnership, one of the members of said firm continued the business of the said firm and assumed all of its obligations; that plaintiff had due notice thereof, and accepted the said E. E. Rogers therefor, and for many months the said E. E. Rogers continued said business and had dealings from time to time with the plaintiff, and made numerous payments upon said account, properly applicable to the payment of the same, sufficient in amount to wholly extinguish and pay off and setttle any indebtedness existing from the plaintiff herein; and that the same has been paid in full and there is nothing due thereon. The separate answer of E. E. Rogers, in substance, denies each and every allegation contained in plaintiff's complaint, except such as are particularly admitted or explained. Denies that he is a member of the firm of Starkweather & Rogers, but alleges the truth to be that the said firm was heretofore dissolved with full knowledge of the plaintiff and with its approval, and that all debts owed by the said firm have been fully paid and liquidated so far as he is advised and believes.

It is disclosed by the evidence that the partnership of Starkweather & Rogers was entered into in the fall of 1902 and dissolved in September, 1904; that, during the time of its existence, the plaintiff sold and delivered to the said firm various invoices of goods on which there appeared to be a balance amounting to the sum of $369.14, and the payment of which was assumed by Rogers at the time of the dissolution of the firm, and all of which had been paid except the sum claimed of $63.78. These payments were made from time to time by Rogers after the firm was dissolved and he had assumed the partnership debts. It appears, however, that Rogers continued to purchase goods from the plaintiff after the dissolution of the copartnership and remitted payments from time to time, some of which were credited by the plaintiff upon the copartnership debts, and some of which were credited upon the individual account of Rogers.

It is contended by the defendants that so much of the payments made by Rogers subsequently to the dissolution of the

copartnership should have been applied by the plaintiff to the payment of the copartnership debts as was required to satisfy the same, and, in law, were so applied in the extinction of the debt of the firm. It is contended, however, by the plaintiff that as these payments were made by Rogers by means of drafts and checks, with no direction by him as to the application of the payments, the plaintiff had the right to and did credit his individual account with those payments, leaving the entire balance as due from the firm of Starkweather & Rogers; no direction having been given, as before stated, by Rogers as to the account upon which the payments should be applied. There was a payment of $50 by check and $5 by check, made by Rogers by letter, which was made immediately in answer to a demand by the plaintiff for the payment of the balance due from the firm of Starkweather & Rogers, and it is claimed by the defendants that these payments should have been applied upon the firm account and not upon the individual account of Rogers.

There seems to be no question as to the amount of the balance due, assuming the payments to have been rightfully applied, and that the indebtedness contracted by Rogers individually had been paid in full so far as appears from plaintiff's account. At the close of the evidence, the plaintiff moved the court to direct a verdict in his favor, presumably for the sum claimed. This motion was denied by the court and the case submitted to the jury. The first error assigned is that the court erred in overruling this motion. In our opinion the court was right in its ruling for the reason that the question as to whether or not the remittances of $50 and $5, made by Rogers soon after the receipt of a letter written by the plaintiff, requesting the payment of the balance due from the firm of Starkweather & Rogers, should have been credited to the firm of Starkweather & Rogers, or to Rogers individually, was in issue and controverted. Clearly the court could not properly direct a verdict for the full amount of plaintiff's claim, and it was not requested to direct a verdict for any less sum.

The only other errors assigned are that the court erred in three paragraphs of its charge to the jury. The first paragraph

objected to is as follows: "Now each of the defendants in this case has filed a separate answer, but under the rules of the court the sole and only question you have to determine is whether or not this sum claimed to be due by plaintiff has been paid by the firm of Starkweather & Rogers." Clearly this instruction was correct, as that was the issue presented by the pleading in the case. If the payments made by Rogers should have been credited to the firm to the extent of the indebtedness of the firm, then of course the indebtedness of the firm, in law, was paid and satisfied.

The next paragraph of the charge objected to and assigned as error is as folows: "You will remember there was certain testimony introduced in the case in regard to a letter written by * * * Paxton & Gallagher to the defendant Rogers, directing him to pay certain accounts which applied to the firm of Starkweather & Rogers, and it is testified to that there was a certain check of $50 sent at one time with no direction in the letter directing where this should be applied. * * * If you believe from the testimony that the $50 and the $5 which followed was paid at the suggestion or was paid with the understanding and immediately followed the letter, and that the payment was made with the suggestion to be applied on the old indebtedness of the firm of Starkweather & Rogers, then it should be so applied." This instruction was clearly correct, as section 1147 of the Civil Code provides: "If a creditor, or any one of two or more joint creditors, at any time directs the debtor to perform his obligation in a particular manner, the obligation is extinguished by performance in that manner, even though the creditor does not receive the benefit of such performance." And section 1150 provides: "Where a debtor, under several obligations to another, does an act by way of performance in whole or in part, which is equally applicable to two or more of such obligations, such performance must be applied as follows: (1) If, at the time of the performance, the intention or desire of the debtor that such performance, should be applied to the extinction of any particular obligation be manifested to the creditor, it must be so applied." And subdivision 2 provides: "If no such application be then made, the creditor, within a reasonable time after such performance, may

apply it toward the extinction of any obligation, performance of which was due to him from the debtor at the time of such performance." Under the law as contained in these sections, the charge of the court was clearly correct, and the jury, evidently under the instructions, found that the payment of the $55 made by Rogers, being made upon the request of the plaintiff that a payment should be immediately made on the firm account, should have been applied to the firm debt instead of the individual debt of Rogers.

It is further assigned as error that the court erred in giving its further instructions: "You are further instructed * * * that the old firm of Starkweather & Rogers would not be liable for any goods purchased in this case after the dissolution of the firm, purchased by defendant Rogers, after the plaintiff had received notice of the dissolution of the partnership." This instruction was clearly correct and states the general rule of law applicable to this class of cases.

There is, as will be noticed, a balance of $8.78, not specifically accounted for as paid by the firm; but we must presume that the verdict of the jury was right, as there are no specifications in the bill of exceptions as to the particulars in which the evidence is alleged to be sufficient to justify the verdict. It is provided by subdivision 3 of section 303 of the Code of Civil Procedure "the statement shall specify the particulars in which such evidence is alleged to be insufficient," and, "if no such specifications be made, the statement shall be disregarded on the hearing of the motion." While the bill of exceptions or statement is properly before us for the determination of the motion made for the direction of a verdict, it cannot properly be considered in determining the question as to the sufficiency of the evidence to justify the verdict, for the reason that the same could not be considered by the trial court on a motion for a new trial and consequently cannot be considered by this court. In the absence, therefore, of a proper bill of exceptions or statement specifying the particulars in which the evidence is insufficient to justify the verdict, we must assume that the verdict was justified by the evidence.

It appears by the abstract that the bill of exceptions was settled on March 7, 1907, and on March 14th the plaintiff gave notice of his intention to move for a new trial upon the following grounds: First, insufficiency of the evidence to justify the verdict; second, that the verdict is contrary to law; third, error in law excepted to by the party making this application; fourth, that the verdict is contrary to the instructions of the court.

In view of the fact that the bill of exceptions was settled on the 7th of March, and that the notice for a new trial was given on the 14th, we may assume that the motion was made upon the bill of exceptions; but, if the motion was in fact made upon the minutes of the court, the same result would follow. Subdivision 4 of the same section provides: "When the motion is to be made upon the minutes of the court, and the ground of the motion is the insufficiency of the evidence to justify the verdict or other decision, the notice of intention must specify the particulars in which the evidence is alleged to be insufficient. * * * If the notice does not contain the specifications here indicated, when the motion is made on the minutes of the court, the motion must be denied." It will thus be seen that the specifications of the particulars in which the evidence is insufficient to justify the verdict must be contained in the bill of exceptions or in the notice of intention to move for a new trial on the minutes of the court, and that, in the absence of such specifications in the bill of exceptions, the same "shall be disregarded"; and, in case the motion is made upon the minutes of the court in the absence of the specifications of the particulars in which the evidence is insufficient, "the motion must be denied."

In view of the provisions of the Code above quoted, the order of the court denying a new trial must be affirmed, and it necessarily follows that the judgment of the circuit court must also be affirmed.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.