## PIERSON et al. v. MINNEHAHA COUNTY.

Defendant by serving and filing an answer after appealing from an order overruling its demurrer to the complaint waived its right of appeal.

The filing of an answer after having demurred waived the demurrer in the absence of a statute permitting a demurrer and answer at the same time.

Where an order overruling a demurrer to the complaint permitted defendant to answer within a certain time, defendant by answering within such time waived its right to appeal therefrom.

The Supreme Court need not follow the erroneous construction of a foreign statute by a foreign court, though such statute be copied into the laws of South Dakota.

(Opinion filed November 26, 1910.)

Appeal from Circuit Court, Minnehaha County. Hon. R. B. Tripp, Judge.

Action by E. E. Pierson and another against Minnehaha County, S. D. On motion to dismiss defendant's appeal from an order overruling a demurrer to the complaint. Appeal dismissed.

McCOY, J.  This case is before us on a motion to dismiss the appeal of the defendant from an order overruling the defendant's demurrer to the complaint. An order to show cause was issued why the appellant should not have further time in which to serve its brief on its appeal taken from the order overruling the demurrer. The plaintiffs made a counter motion, fixing the same time and place for hearing the motion to dismiss the appeal upon two grounds: (1) That the brief of counsel for appellant was not served within the time prescribed by rules 7 and 10 of this court; and (2) upon the ground that subsequently to the taking of the appeal from the order overruling the demurrer the appellant filed an answer in the circuit court of Minnehaha county in the action, and thereby waived its appeal.

It is disclosed by the abstract and motion papers upon which the respondent relies that a demurrer was interposed to the complaint by the defendant on the ground that the complaint did not state facts sufficient to constitute a cause of action; that on the 30th day of March, A. D. 1910, the issue of law raised by said demurrer came on regularly for hearing before the circuit court of Minnehaha county, the plaintiffs and defendant appearing by their respective attorneys, and that on the 15th day of April, 1910, the court made an order overruling defendant's demurrer, which said order was duly filed and recorded on the 18th day of the same month, which order, after the title, is as follows: "The demurrer to the complaint in this action having heretofore been heard, S. H. Wright appearing for the plaintiffs, and George J. Danforth, state's attorney, Bailey & Voorhees and Park Davis, for the defendant, and the court being now advised in the premises, it is ordered and adjudged that the said demurrer be, and the same hereby is, overruled, to which the defendant excepts, and its exception is hereby settled and allowed. It is further ordered that

the defendant may serve and file an answer to the complaint herein within 30 days from this date in the event it shall elect to do so. Done this 15th day of April, 1910." It further appears that on the 5th day of May the defendant appealed from said order of the Supreme Court by serving notice of appeal upon the attorney for plaintiff and upon the clerk of the circuit court. It further appears that thereafter, on the 12th day of May, the defendant served and filed an answer to the complaint in the circuit court of Minnehaha county denying the allegations of the plaintiffs' complaint.

It is contended by the plaintiffs that, as the defendant served and filed an answer after an appeal was taken by it to the Supreme Court, the defendant thereby waived its right of appeal, and the same should be dismissed. In this contention we are of the opinion that the plaintiffs are in the right. The appeal should be dismissed on the grounds that appellant has waived the point sought to have reviewed by such appeal. It is an elementary proposition that a party cannot both demur and answer to the same parts of the complaint at one and the same time, and that pleading over by answer, after having demurred, waives the demurrer, unless there is an express statute as there is in some states, expressly permitting a demurrer and answer to be interposed at the same time. 39 Cent. Dig. tit. "Pleadings," §§ 522-524; 31 Cyc. 343; R. Waits, Prac. 635; Brady v. Donnelly, 1 N. Y. 126; Sutherland on Pl. & Prac. § 665; 6 Am. & Eng. Ency. Pl. & Pr. 381. There is nothing in our statute inconsistent with or that abrogates the general rule. Statutes permitting an appeal from intermediate orders overruling or sustaining a demurrer exist in nearly all the states which hold to the general rule. Where a demurrer is interposed to a complaint, so long as the issues raised thereby remain undisposed of and undetermined, an answer should not be permitted without withdrawal or waiver of the demurrer; otherwise a defendant could compel a plaintiff to twice litigate and try the same cause. If upon the trial of the merits of the cause before the jury on the issues raised by the answer in the lower court plaintiff should recover a judgment, still such plaintiff, even

where defendant has not appealed from the judgment on the merits, might be defeated by the appellate court deciding that the demurrer should have been sustained instead of overruled, thereby bringing about the result that plaintiff would be required to amend his complaint and again retry the cause on its merits under the issues raised by the amended complaint. The possibility of such entangling circumstances and conditions furnish the reason for the rule that a party should not be permitted to both demur and answer to the same cause of action in a complaint at one and the same time; the policy of the law being that litigation should terminate as speedily as practicable. In this cause defendant demurred to plaintiff's complaint. By an order the demurrer was overruled and defendant permitted to answer said complaint within 30 days. Within the 30 days defendant availed itself of the privilege provided by such order to make answer. This is another reason why the appeal should be dismissed; the rule being that, if a party proceeds under an order or accepts any benefit thereunder, it is a waiver of his right to appeal from such order. Male v. Harlan, 12 S. D. 627, 82 N. W. 179. The case of Douglas County v. Walbridge, 36 Wis. 643, is cited as an authority in favor of permitting an answer while the issue raised by a demurrer to the complaint is still pending on appeal, but, as we view the record in this case, that decision is not applicable, as there is nothing in the record in this case to show whether or not a stay of proceedings was obtained in the lower court. We are of the opinion that Douglas County v. Walbridge is opposed by the great weight of authority, and has a tendency to destroy one of the oldest established and most salutary rules of pleading. It is urged that we should follow this Wisconsin decision, for the reason that it is evident that the appeal statute of this state was copied and adopted from the appeal statute of that state; and that by so doing the Legislature of this state also adopted the construction placed upon the said statute by the courts of Wisconsin. But we are opposed to this rule, where it appears that at the time of the enactment in this state there were a number of other states having a similar

statute. How is it possible, under such circumstances, for this court to determine, with absolute certainty, from what state our Legislature copied or adopted a law? Again, this court should not, under any circumstances, be bound or required to follow what it deems to be an erroneous construction placed upon a foreign statute by a foreign court, any more than we should be required to follow an erroneous decision of our own court. While it is probably apparent that the appeal statute in this state was copied after the appeal statute of Wisconsin, it is also apparent that the Wisconsin appeal statute itself was copied from the appeal procedure then existing in the state of New York; and at the time our appeal statute was enacted the same appeal procedure existed in a number of other states, all copied after the New York procedure. This court should not be bound by the Wisconsin construction of this statute any more than by the construction placed on similar statutes in other states.

The appeal therefore is dismissed.