SCHWITZ, Respondent, vs. THOMAS et al., Appellants.

(160 N. W. 734.)

(File No. 4057.   Opinion filed December 30, 1916.   Rehearing denied February 7, 1917.)

1.  **Pleading—Demurrer—Pleading and Trial After Demurrer Overruled, Waiver of Demurrer by.**

Where, after overruling of demurrer to the complaint, defendants answer and go to trial on merits, they waive the right to appeal from or have reversed in Supreme Court the rulings on the demurrer.

2.  **Appeals—Error—Scope of Review—Complaint, Challenge of an Appeal.**

Error in ruling on demurrer to complaint having been waived, and there being no other assignment of error in the record presenting any question as to sufficiency of complaint, its sufficiency cannot be challenged on appeal from the judgment; this, although such sufficiency may be assigned as error on appeal, where the complaint is incapable of being made good by an amendment.   So held, the record not showing objection on the trial to sufficiency of complaint, nor objection to introduction of evidence, nor by way of motion, on exceptions, for a new trial.

3.  **Same—Scope of Review—Sufficiency of Evidence, Presumption in Absence of Exceptions to Competency, or Specifications.**

In absence of a statement of the case containing exceptions to competency of evidence received, or specifying particulars, etc., with assignments of error, the Supreme Court on appeal will assume the verdict is sustained by sufficient and competent evidence offered and received without objection.

4.  **Appeals—Unchallenged Instructions—No Error Assigned—Presumption as to Instructions.**

Where instructions of trial court are not excepted to, with assignments of error, it will be conclusively presumed on appeal that the court fully, fairly and correctly instructed jury as to damages.

5.  **Appeals—Scope of Review—Pleadings—Immateriality of, Where Error Not Presumed.**

Where the case on appeal stands, in absence of objection and exception, as though competent and sufficient evidence were received without objection, and the court had properly and fully instructed jury upon issues presented by evidence, defects in pleadings become immaterial, and cannot be made ground of reversal.

6.  **Principal and Surety—Action on Liquor Seller's Bond—Joint, or Several, Obligations?—Joint Judgment—Statutes—Common-Law Liability of Surety, Effect of Re-enactment.**

Where a liquor seller's bond sued on, was in form provided by Pol. Code, Sec. 2839, providing that principal and surety "are held and firmly bound" etc., when construed in connection with Civ. Code, Sec. 1118, providing that an obligation imposed upon several persons is presumed to be joint and not several, except in special cases mentioned, etc., and with Code Civ. Proc., Sec. 390, requiring a several judgment where one is rendered upon any instrument in which persons "are severally bound," held, that the obligation of the principal and surety was joint and not several, and the entry of a joint judgment was erroneous; since, under Sec. 390, being a re-enactment, with certain changes, of Laws 1872-73, Dakota Territory, Chap. 2, Sec. 7, Subd. 14, providing that where judgment is rendered upon certain instruments in writing in which two or more persons "are jointly and severally bound," the judgment must specify which defendant is principal, and which surety etc.; which older statute was enacted for benefit of all sureties, whether bound jointly or severally with their principals, said change, found in Sec. 390, retains the common-law liability as to one class of surety, while providing that property of another class shall be liable only after property of the principal has been exhausted.

Appeal from Circuit Court, Brown County.   Hon. THOMAS L. BOUCK, Judge.

Action by Yadeskey Schwitz, against Sebastian Thomas, and the Western Surety Company, to recover upon the bond of a licensed retail dealer in intoxicating liquors. From a judgment for plaintiff, defendants appeal. Affirmed.

*Kirby & Kirby,* for Appellants.

*Amos N. Goodman,* for Respondent.

(1) To point one of the opinion, Respondent cited: Pierson et al. v. Minnehaha County, 26 S. D. 462; 6 Pl. & Pr. 365; Sutherland Pl. & Pr., Sec. 665.

(2) To point two of the opinion, Respondent cited: Code Civ. Proc., Sec. 125; Johnson v. Burnside, 3 S. D. 230.

(6) To point six of the opinion, Appellants cited: Code Civ. Proc., Sec. 390.

Respondent cited: Code Civ. Proc., Sec. 464; Pol. Code, Sec. 2839.

SMITH, J. Appeal from judgment in an action on the bond of a licensed retail dealer in intoxicating liquors.

Appellants present two assignments of error: First, that the trial court erred in overruling separate demurrers of defend-

ants to the complaint; second, that the complaint shows the defendant Western Surety Company to be a surety on the bond, and the judgment is not in compliance with section 390, Code Civ. Proc.

[1] The record before us discloses that demurrers were overruled on March 14, 1916, and on the same day defendants interposed separate answers and went to trial. On March 15th, the jury returned a verdict, finding for plaintiff on all issues, and assessing damages in the sum of $500. On March 16, 1916, judgment was entered on the verdict, including costs, for $596.15. The appeal is from this judgment. Respondent now urges that defendants, having answered and gone to trial on the merits, have waived their right to appeal from or have reviewed in this court the ruling on the demurrers. In this contention respondent is correct. It was so expressly ruled in Pierson v. Minnehaha County, 26 S. D. 462, 128 N. W. 616, Ann. Cas. 1913B, 386. This rule is recognized, not only by the decisions of this court, but is sustained by an overwhelming weight of authorities cited in annotations in Ann. Cas. 1913B, supra.

[2] The error assigned in the ruling on the demurer, having been waived, is unavailing upon this appeal, and there is no other assignment in the record presenting any question as to the sufficiency of the complaint. In the absence of such assignment, its insufficiency cannot be challenged upon appeal from the judgment. Goldberg v. Loan & T. Co., 24 S. D. 49, 123 N. W. 266, 140 Am. St. Rep. 775; Williams Bros. Lumber Co. v. Kelly, 23 S. D. 582, 122 N. W. 646. And though insufficiency of the complaint to state a cause of action may be assigned as error upon appeal where it is apparent that the complaint is incapable of being made good by amendment, that rule is not applicable in this case, for the reason that the complaint is plainly one which is capable of being amended to state a good cause of action. Dunlap v. C., M. & St. P. Ry. Co., 32 S. D. 581, 144 N. W. 226; Johnson v. Burnside, 3 S. D. 230, 52 N. W. 1057. This rule has been held applicable, even where objection to the sufficiency of the complaint was made at the trial and error assigned. Sherwood v. Sioux Falls, 10 S. D. 405, 73 N. W. 913; De Luce v. Root, 12 S. D. 141, 80 N. W. 181; Strait v. Eureka, 17 S. D. 326, 96 N. W. 695; Schriner v. Dickinson, 20 S. D. 433, 107 N.

W. 536; Nerger v. Equitable Fire Ass'n, 20 S. D. 419, 107 N. W. 531.

So far as disclosed by the record, no objection to the sufficiency of the complaint was entered at the trial, nor objections to the introduction of evidence, nor by way of motion for a new trial, containing exceptions to the competency or sufficiency of the evidence or the sufficiency of the complaint, to sustain the verdict and judgment.

[3] In the absence of a statement of the case, containing exceptions to the competency of evidence received, or specifying the particulars in which the evidence is insufficient to justify the verdict, with proper assignments of error, this court on appeal will assume that the verdict is sustained by sufficient and competent evidence offered and received without objection. Paxton & Gallagher v. Starkweather, 26 S. D. 99, 128 N. W. 479.

[4] Where instructions of the trial court are not excepted to, with assignments of error, it will be conclusively presumed on appeal that the court fully, fairly, and correctly instructed the jury as to damages. Eller v. Lord, 36 S. D. 377, 154 N. W. 816; Krumm v. S. D. R. Co., 25 S. D. 468, 127 N. W. 655; Grantz v. Deadwood, 20 S. D. 495, 107 N. W. 832.

[5] The case before us therefore stands just as though competent and sufficient evidence had been received without objection, and the court had properly and fully instructed the jury upon the issues presented by the evidence. In such case defects in pleadings become immaterial, and cannot be made a ground of reversal of the verdict or judgment. Totten v. Stevenson, 29 S. D. 71, 135 N. W. 715.

[6] The judgment entered by the trial court is a joint judgment, and is not in compliance with section 390, Code Civ. Proc. That section provides:

"In all cases where judgment is rendered upon any instrument in writing, in which two or more persons are severally bound, and it shall be made to appear to the court, by parol or other testimony, that one or more of said persons so bound, signed the same as surety or bail for his codefendant, the court must, in entering the judgment thereon, state which of the defendants is principal debtor, and which are sureties or bail. And execution issued on such judgment must command the

sheriff or other officer to cause the money to be made of the personal property and real property of the principal debtor, but, for want of sufficient property of the principal debtor, to make the same, to cause the same to be made of the personal and real property of the surety or bail. In all cases the property, both personal and real, of the principal debtor, within the jurisdiction of the court, must be exhausted, before any of the property of the surety or bail shall be taken in execution."

Appellant assigns error upon the form of the judgment, and contends that any judgment entered should have been made to conform to the requirements of this statute. The interpretation of this section is not free from difficulty. It first appeared as subdivision 14, § 7, c. 2, Laws 1872-73, Dakota Territory, which provided that:

"In all cases where judgment is rendered in any court of record within this territory, upon any other instrument in writing, in which two or more persons are jointly and severally bound, and it shall be made to appear to the court, by parol or other testimony," etc.

It was re-enacted with certain changes and appears as section 358, Code of Civil Procedure (Rev. Codes 1877), which is identical with section 390, Code of Civil Procedure 1903. As originally enacted in 1872-73, this statute undoubtedly applied in all cases where judgment was rendered upon any instrument in writing in which two or more persons were jointly and severally bound, etc. In its present form the statute is applicable only to judgments rendered upon any instruments in writing in which two or more persons are severally bound. Clearly this statute was originally enacted for the benefit of all sureties, whether bound jointly or severally with their principals. Why the Legislature in 1877 and by succeeding enactment have seen fit to exclude sureties jointly bound with their principals from the benefit of this statute, and to extend its benefits only to those bound severally, it is idle for us to speculate. It is sufficient to observe that the Legislature has seen fit to retain the common-law liability as to one class of sureties, and at the same time provide that the property of another class shall become liable upon judgment and execution only after the property of the principal debtor has been exhausted. The bond in this case upon which the Western

Surety Company became liable is in the form required by law, which is found in section 2839 of the Political Code. Under the terms of this bond, construed in connection with section 1118, Civil Code, the obligation of the principal and surety must be held to be joint and not several. Section 390, Code Civil Procedure, therefore, does not apply in this case. 32 Cyc. 142-144. The trial court did not err in the judgment entered, and the judgment is, in all things, affirmed.