PALMER, Respondent, v. BAKER, et al., Appellants.

(186 N. W. 951.)

(File No. 4999. Opinion filed February 16, 1922.)

1. Pleadings—Sureties on Appeal Cost Bond, Non-joinder of Unnecessary Principal, Several Obligation of Latter—Whether Complaint Good—Statute.

Where sureties alone were sued on an appeal bond given for costs, it appearing from the complaint that the party named as principal in the bond was not a necessary party thereto, and that his obligation thereunder is based on fact that he receives a benefit because of the bond, while that of his sureties is not based upon such benefit, held, the complaint states a cause of

action; that the presumption that might otherwise arise under Sec. 725, Code 1919, viz, that an obligation imposed on several persons is presumed to be joint and several, is destroyed; and the obligation of such unnecessary party is several.

2.   Appeal—Sureties—Cost Appeal Bond—Statute Requiring Eecution "On the Part of" Appellant "By Sureties," Non-necessity of Joinder By Appellant—Sureties as "Bail"—Statutes Re Several Obligation, Compared.

While under Sec. 725, Code 1919, an obligation imposed upon several persons is presumed to be joint and several, yet Sec. 3150, requiring an appeal bond to be executed "on the part of" appellant, does not contemplate its execution by appellant; and the sureties in such bonds are, under Secs. 1472, 1473, called bail; their obligations are governed by the specially applicable statute; hence the presumption declared in Sec. 725, must give way as inconsistent with statutes concerning this kind of contract.

3.   Same—Principal in Bond, Whether Possessing Rights of Joint Obligor With Sureties—Statute—Principal Non-necessary Party to Suit On.

A principal on a cost appeal bond executed pursuant to Sec. 3150, Code 1919, can not claim rights of a joint obligor as between himself and the sureties, under Sec. 726, providing that a party to a joint, or joint and several, obligation, who satisfies more than his share of the claim against all, may require proportionate contribution, etc.; and such principal can not, by unnecessarily signing such bond, make himself a joint obligor, either as to the sureties or to one suing on the bond; hence, the principal is not a necessary party to a suit against the sureties.

Appeal from Circuit Court, Minnehaha County.  Hon. JOHN T. MEDIN, Judge.

Action by A. W. Palmer, against W. L. Baker and B. H. Re Qua, to recover upon an, appeal bond for costs.  From an order overruling a demurrer to the complaint, defendants appeal. Affirmed.

*Kirby, Kirby & Kirby,* for Appellants.
*W. F. Bruell,* for Respondent.

(1) To point one of the opinion, Appellants cited:  Secs. 725, 889, Code 1919; Switz v. Thomas, 38 S. D. 180; 4 Cent. Dict. & Cyclo. re "joint;" Schuster v. Thompson, 6 Dak. 10; 1 Pars. Contr., (6th ed.) 11.

Respondent cited: Sec. 2316, Code 1919.

(2) To point two, Appellants cited authorities cited to point 1.

WHITING, J. Action to recover upon appeal bond for costs given, upon an appeal from the circuit to the Supreme Court (Palmer v. Bratager, 41 S. D. 649, 172 N. W. 507), in an appeal wherein the present plaintiff was respondent and one Bratager was appellant. The bond was executed by such appellant and two sureties. This action is brought against the sureties only. Defendants demurred to the complaint upon the grounds: That the same did not state facts sufficient to constitute a cause of action; and that there is a defect of parties defendant. This demurrer was overruled; and the defendants appealed from the order overruling the demurrer..

[2] That the complaint states a cause of action is so clear as to need no discussion.

Is there a defect of parties defendant? As above noted, the bond was executed, not only by present appellants as sureties, but by their principal, Bratager. The sole question thus presented is, should Bratager, the principal in such bond, have been joined as a defendant in the action upon the bond? If the bond in question is a joint bond—that is, if the liability of Bratager is joint with that of the sureties—then he should have been joined as a defendant. That the liability of the two sureties is joint is, of course, without dispute. Appellants rely upon the decision of this court in the case of Schwitz v. Thomas, 38 S. D. 180, 160 N. W. 734; while the respondent relies upon the decision of this court in State v. Western Surety Co., 26 S. D. 170, 128 N. W. 173.

[2] Under section 725, R. C. 1919, an obligation imposed upon several persons is presumed to be joint and several. The bond before the court in Schwitz v. Thomas was given in conformity with express provisions of a statute which required a bond executed by the principal and the sureties. Section 2839, Pol. Code 1903. In State v. Surety Co., the bond in suit was a bail bond given under certain statutory provisions which did not contemplate the execution of the bond by the party on behalf of whom it was given.

In the case before us, while the undertaking is one on appeal, and in no sense a bond given in a criminal proceeding, such as was the one in State v. Surety Co., yet the statute under which this particular bond was given (section 3150, R. C. 1919), like the statute under which the bond in the Western Surety Co. case was given (section 4595, R. C. 1919), does not contemplate its execution by the party on whose behalf it is given. The sureties in the bond now before us, as well as those in the bond in State v. Surety Co., are called bail. Section 1472, R. C. 1919. Their obligations are governed by the statute specially applicable thereto. Section 1473, R. C. 1919. Hence the presumption declared in section 725, R. C. 1919, must give way if not consistent with the statutes relating to this particular kind of contract.

[2] We think that the court did not err, in State v. Surety Co., when it held in effect that the bond in that case was not a joint bond. We are satisfied with our reasoning therein. We might suggest further that, undoubtedly, upon the appeal in the Bratager Case, the respondent therein, also respondent here, could not have objected to the bond simply because Bratager had signed same. In view of that fact, respondent should not now be compelled to treat Bratager as jointly liable with appellants. Certainly Bratager, as between himself and his sureties, could not claim the rights of a joint obligor under section 726, R. C. 1919; that is, if he had paid the obligation evidenced by the bond, he could not have demanded contribution from appellants. Bratager could not, by signing this bond, make himself a joint obligor either as to this respondent or as to these appellants. Bratager's obligation, under this bond, is based upon the fact that he is receiving a benefit through and because of the bond; while the obligation of the sureties is not based upon any benefit coming to themselves. We are therefore of the opinion that, whenever it clearly appears upon the face of the complaint, as it does in this case, that the party upon whose behalf an obligation or undertaking is executed by others executes such instrument when the law does not require him to execute it, it should be held that the presumption that might otherwise arise under and by virtue of section 725, supra, is destroyed, and that the obligation of such unnecessary party is several.

The order appealed from is affirmed.