BALLARD, Respondent, v. WESTERN SURETY COMPANY, Appellant.

(210 N. W. 190.)

(File No. 5719.    Opinion filed October 11, 1926.)

1. **Appeal and Error—Sureties—Surety on Undertaking on Appeal Held Liable for Full Amount of Judgment, Though Certain Descriptive Words Were Ordered Stricken Therefrom, Where Appeal Was From Whole Judgment.**

    Surety on undertaking on appeal, providing for payment of that part of judgment which was affirmed, held liable for full amount of judgment, though words "for laborer's wages" were ordered stricken therefrom, where appeal was from whole judgment.

2. **Appeal and Error—Appellant is Not Necessary Defendant in Action on Combined Cost and Supersedeas Undertaking, Though He Signed It With Surety.**

    Appellant is not necessary defendant in action on combined cost and supersedeas undertaking, though he signed it with surety, since he was not required to sign it.

Note.—See, Headnote, (1), American Key-Numbered Digest, Appeal and error, Key-No. 1234(4), 4 C. J. Sec. 3406; (2) Appeal and error, Key-No. 1244, 4 C. J. Sec. 3426.

Appeal from Circuit Court, Minnehaha County; Hon. JOHN T. MEDIN, Judge.

Action by L. W. Ballard against the Western Surety Company. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

*Boyce, Warren & Fairbank,* of Sioux Falls, for Respondent.

MORIARTY, C. This is an appeal from an order overruling a demurrer to the complaint. The action was brought to recover upon an undertaking on appeal which appellant signed as surety.

The undertaking was issued to perfect the appeal in the case of Howlin v. Fish, wherein the decision of this court is reported in 45 S. D. 567, 189 N. W. 522. The demurrer is upon two grounds: First, that the complaint fails to state facts sufficient to constitute a cause of action; second, that there is a defect of parties, in that G. L. Fish should be a defendant.

The undertaking sued upon is set forth in the complaint, and is thus shown to be a combined cost and supersedeas undertaking. It contains the provisions prescribed by statute for a cost undertaking on appeal and the further provision:

"We do also undertake that, if the said judgment so appealed from, or in any part thereof, be affirmed, or said appeal be dismissed, the said appellant, G. L. Fish, will pay the amount directed to be paid by the said judgment, or the part of such amount as to which the said judgment shall be affirmed, if it be affirmed only in part."

This undertaking was signed by G. L. Fish and by the Western Surety Company.

[1] The complaint alleges that the judgment appealed from in said case of Howlin v. Fish was for the sum of $1,129.80, as laborer's wages, and that the decision of the Supreme Court upon said appeal affirmed the judgment as to said sum of $1,129.80, but ordered the trial court to modify the judgment by striking out the words "for laborer's wages" therefrom. In their brief on the appeal now before this court, appellant's counsel state that in the appeal in Howlin v. Fish there was no contention as to the amount of the judgment, but only as to the words "for laborer's wages," and that therefore the only part of the judgment actually appealed from was reversed, and there is no liability on the undertaking.

This statement is incorrect. The appeal in Howlin v. Fish, was from the whole of the judgment, and in the assignments of error appellant claimed that there was no liability, because of certain partnership relations, and because respondent,. Howlin, had already withdrawn from the firm's funds more than was due her. Had the appellant in that case taken his appeal from only that part of the judgment which held the claim to be for laborer's wages, the status would be materially different. The record shows that the provision of the undertaking to "pay the amount directed to be paid by said judgment, or the part of such amount as to which, said judgment shall be affirmed, if it be affirmed only in part," applies strictly to the amount claimed in the complaint in the instant case.

In the case of Bem v. Shoemaker, 7 S. D. 510, 64 N. W. 544, this court was dealing with a similar question. In that case a judgment was entered, holding that certain property, both real and personal, was the property of an estate  On the appeal this court reversed the judgment as to the real property, but affirmed it as to the personalty. In a suit on the undertaking this court held the surety liable, and, in so doing, used the following language:

"To hold the maker liable to the extent to which the judgment appealed from was right is just what the law and the contract contemplated "

That decision is controlling in the instant case. This rule is well supported by decisions of other courts.

[2]    As their second ground of demurrer, appellant's counsel contend that the undertaking is a joint obligation, and that therefore the complaint is not good, without making Fish a party defendant. In State v. Western Surety Co., 26 S. D. 170, 128 N. W. 173, the same corporation which is appellant in the instant case urged the same defense to a suit on a bail bond furnished in a criminal action, and in Palmer v. Baker, 45 S. D. 196, 186 N. W. 951, the suit was on an appeal undertaking in a civil action. In each of these cases the court held that the question whether the bond was a joint obligation was to be determined, not by the fact that the defendant signed, the bail bond, or the appellant signed the undertaking on appeal, but by the purpose of the bond and the requirements of the statute. These decisions establish the law

of this state to be that the appellant is not required to sign an undertaking, such as that sued upon in the instant case, and the fact that he does sign does not make him a necessary defendant in an action thereon.

As stated in respondent's brief, it would be an idle act to sue the appellant on this undertaking. The respondent already has a' judgment against him for the very claim appellant is being sued upon.

There is no error in the order appealed from, and that order is affirmed.

DILLON, J., not sitting.